**Barry Brent SWARB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–01080–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 4, 2003.

David S. Barron, Bryan, TX, Rique D. Bobbitt, Cameron, TX, for Appellant.

Bill R. Turner, District Attorney, Douglas Howell, III, Assistant District Attorney, Bryan, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

EVELYN V. KEYES, Justice.

Appellant, Barry Brent Swarb, pleaded not guilty to felony possession of methamphetamine under one gram. The jury found appellant guilty, and the trial court assessed punishment at 20 months' confinement in the state jail. In six points of error, appellant challenges (1) the denial of his motion to suppress, (2) the admission of extraneous offense evidence, (3) the legal sufficiency of the evidence, and (4) the overruling of his objections to the State's jury arguments. We affirm.

### Facts

While on work release from the Brazos County Jail, appellant went to the Burleson County Jail, where he attempted to deliver methamphetamine to his incarcerated wife. Appellant was not immediately arrested and returned to the Brazos County work release program. Later the same day, after obtaining an arrest warrant for appellant for the delivery of methamphetamine in a correctional facility,[1] Investigator Glidewell and Lieutenant Norsworthy went to the Brazos County Jail, where appellant was located, to execute the arrest warrant.[2]

---

1. Tex. Pen.Code Ann. § 38.11(Vernon 2003). Section 38.11(a) provides that a person commits an offense if he provides a controlled substance or dangerous drug to an inmate of a correctional facility. Conduct which amounts to a criminal attempt to provide a controlled substance to an inmate in a correctional facility is a third degree felony. *Id.* § 38.11(h).

2. Appellant later pleaded guilty in Burleson County to the offense of prohibited substance in a correctional facility and received five years' deferred adjudication probation.

When Glidewell and Norsworthy arrived at the jail premises, Glidewell recognized appellant's vehicle in the public parking lot. Looking inside the vehicle with the aid of a flashlight, the officers noticed suspected methamphetamine on the floorboard of the vehicle.

After arresting appellant pursuant to the arrest warrant, Glidewell obtained appellant's consent to search the vehicle. Appellant filled out the consent form noting the year, make, body style and license number of the truck. Appellant also provided Glidewell with the keys to his vehicle.

During the search, Glidewell, Norsworthy, and another officer located several pieces of aluminum foil and some pens with the ink cartridges removed, both containing possible methamphetamine residue, a bottle of nail polish, and empty packages of pseudoephedrine, a common precursor used in creating methamphetamine. All evidence was submitted to the laboratory for analysis. Glidewell and Norsworthy testified that they did not attempt to lift fingerprints from the evidence primarily because it would not be possible to obtain a fingerprint from crumpled aluminum foil. Analysis nevertheless revealed that some of the aluminum foil evidence contained methamphetamine. Appellant was then charged by indictment in Brazos County with possession of a controlled substance under one gram.[3]

### Trial

In his pretrial motion in limine, appellant requested that the State not mention or allude to any previous criminal record and/or arrest of appellant. The trial court granted appellant's motion, but noted that the State could introduce evidence that it had a warrant for appellant's arrest, that the officers were serving the warrant, and that his vehicle was located where the warrant was served. The court, however, prohibited the mention of the words "Brazos County Minimum Security Jail." The court also prohibited mention that appellant had possessed or delivered an illegal substance in a correctional facility, although the State was permitted to elicit testimony that the officers had a warrant for appellant's arrest. Finally, the court overruled appellant's motion in limine request and allowed testimony of the service of an arrest warrant on the defendant.

During its case-in-chief, while examining Investigator Glidewell, the State elicited testimony that Glidewell had obtained an arrest warrant for appellant. After Glidewell's testimony, the court immediately provided a limiting instruction to the jury noting that they could not consider the fact that an arrest warrant had been issued for appellant in their determination of guilt, but could consider it only for "informational purposes." The State then admitted Exhibit No. 2 (a copy of the arrest warrant that Glidewell obtained on July 8, 2001) for the appellate record. Exhibit No. 2 was not shown to the jury. The court also admitted Exhibit No. 2A (a copy of the arrest warrant which redacted the description of the offense in Burleson County).[4] Exhibit No. 2A was shown to the jury and admitted for all purposes.

During the State's presentation of its case, and on cross-examination of the

---

3. TEX. HEALTH & SAFETY CODE ANN. § 481.116(b) (Vernon 2003). This section provides that a person commits an offense if he knowingly or intentionally possesses a controlled substance listed in Penalty Group 2, which includes methamphetamine.

4. Exhibit No. 2A redacted the following: "probable cause exists for a warrant, to wit: delivery of a controlled substance, namely methamphetamine third degree felony." Exhibit No. 2 was not redacted.

State's witnesses, appellant introduced his defensive theory that the methamphetamine could have been left or placed in his vehicle by someone else. On cross-examination, appellant tried to elicit testimony that the driver's side door of the truck could have been opened without a key, that the arresting officers did not take fingerprints from the evidence found in appellant's truck, and that a nail polish bottle was found inside the truck.[5] Based on appellant's cross-examination of the State's witnesses and the questions about the keys, the fingernail polish bottle, and the failure to take fingerprints—implying that someone else possessed the methamphetamine found in appellant's truck—the State urged the court for permission to elicit testimony under Rule 404(b) about the Burleson County delivery of methamphetamine to the jail to show appellant's intent, plan, knowledge, and absence of mistake or accident that methamphetamine was in his vehicle. Appellant objected, noting that admitting such evidence would be "character assassination." The court overruled appellant's objection and permitted testimony of the reason for the Burleson County arrest, and the judgment in the Burleson County offense case. In response to appellant's objection, the court noted: "Well, counsel, I would agree with you had there not been the implication to the jury via the questioning regarding the bad door, the nail polish, the implication being that there have been other people in the car. Therefore, it must have been somebody else's controlled substance. I believe the door has been opened."

The court also overruled appellant's Rule 403 objection, finding that the probative value outweighed the potential prejudicial effect. The court also provided a limiting instruction to the jury that they were to consider the extraneous offense only for "purposes of proving intent or knowledge in this particular case and for no other purposes." The court explained to the State that it could recall Officer Glidewell to testify in more detail about the Burleson County offense itself and that it could "indicate to the jury that the defendant pled no contest. . . . What [appellant] did or did not get in punishment is not relevant." The State then recalled Glidewell and offered Exhibit No. 2 (the non-redacted arrest warrant) for all purposes. Glidewell testified that the arrest warrant was based on information that appellant had tried to bring methamphetamine to his wife in jail on the same day that the methamphetamine was located in appellant's car.

The State also introduced Exhibit No. 27, the Burleson County judgment for prohibited substance in a correctional facility, for appellate record purposes only and Exhibit No. 27A, a redacted Burleson County judgment, to be shown and exhibited to the jury. The only information the redacted judgment contained was that appellant pleaded nolo contendere to the offense of prohibited substance in a correctional facility committed on July 8, 2001, the same day as the instant offense. It contained no punishment or sentencing information. The redacted judgment also noted that appellant pleaded nolo contendere to the indictment and to each and every element alleged in the indictment and that the court heard evidence substantiating appellant's guilt. The State also admitted into evidence Exhibit No. 28, the indictment for the offense, which alleged that appellant

---

**5.** Glidewell and Norsworthy testified that they could not remember whether they used the keys to obtain entry into the vehicle. They also testified that they did not go to the driver's side of the truck, so they did not know whether the key could open the driver's side door or whether there was any damage to the driver's side door handle.

took methamphetamine into the Burleson County jail.

## Discussion

### Motion to Suppress

In his first point of error, appellant contends the trial court erred in denying his motion to suppress and in admitting the methamphetamine evidence obtained during the search of his truck because it was obtained illegally and in disregard for the Fourth Amendment of the United States' Constitution. In particular, appellant asserts that the search was not proper under the "plain view" warrantless search exception doctrine and that the initial intrusion with a flashlight was not lawful because the officer deviated from his route in order to look into the vehicle.

In reviewing the trial courts ruling on the motion to suppress, we apply a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App. 2000). We give almost total deference to the trial courts determination of historical facts, while we conduct a de novo review of the trial courts application of the law to those facts. *Id.* We review de novo the trial court's application of the law of search and seizure. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App.2000).

 We conclude that the search in the present case satisfied the "plain view" doctrine, which requires that "(1) law enforcement officials have a right to be where they are, and (2) it be immediately apparent that the item seized constitutes evidence." *Walter v. State*, 28 S.W.3d 538, 541 (Tex.Crim.App.2000). If an article is in plain view, neither its observation nor its seizure involves any invasion of privacy.

*Id.* at 543. Here, the officers, on their way to execute the arrest warrant, approached appellant's vehicle in a parking lot open to the public and shone a flashlight into appellant's vehicle, thereby observing the methamphetamine in plain view on the floorboard of the vehicle. Looking inside a vehicle, even with the use of a flashlight, does not implicate Fourth Amendment protections; nor does it prevent the application of the plain view doctrine, as appellant contends. *Id* at 543–44. We find that the search of the truck was proper. Moreover, the officers obtained appellant's voluntary consent to search the vehicle before they entered the truck to obtain the methamphetamine. We conclude that the trial court did not err in denying appellant's motion to suppress. We overrule appellant's first point of error.

### Redacted Arrest Warrant in State's Case-in-Chief

Appellant also contends that the trial court erred in admitting extraneous offense testimony. In his second point of error, appellant argues that the trial court erred in "admitting, over objection, testimony that there existed an extrinsic arrest warrant unrelated to the case-in-chief." In particular, appellant complains that the redacted Burleson County arrest warrant and testimony about it should not have been admitted into evidence. We construe appellant's second issue to complain of the trial court's admission of testimony about the arrest warrant [6] and its admission of Exhibit No. 2A, the redacted arrest warrant for the Burleson County offense.

 We review the trial court's determination of admissibility under an abuse of discretion standard. *Montgomery v.*

---

6. The testimony about the arrest warrant conformed to the trial court's guidelines as it explained them in ruling on appellant's motion in limine. That is, the State elicited testimony that the officers were executing an arrest warrant, but did not mention the offense that was the basis of the arrest warrant.

*State,* 810 S.W.2d 372, 378 (Tex.Crim.App. 1990); *Roberts v. State,* 29 S.W.3d 596, 600 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). As a general rule, to prevent an accused from being prosecuted for some collateral crime or misconduct, the State may not introduce evidence of bad acts similar to the offense charged, even if relevant. Rule 404(b) provides that evidence of "other crimes, wrongs or acts" is not admissible to prove a defendant's character in order to show action in conformity therewith. TEX.R. EVID. 404(b). However, this type of evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. TEX.R. EVID. 404(b). Yet, even if the evidence is relevant and falls within a permissible exception under Rule 404(b), the evidence may still be excluded by the trial court under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *Montgomery,* 810 S.W.2d at 387. Therefore, in order to be admissible, the extraneous evidence must be relevant and fall within a Rule 404(b) exception, and its probative value must not be substantially outweighed by its prejudicial effects.

■ In addition to the explicit exceptions set out in Rule 404(b), extraneous offense evidence may be admissible as contextual evidence. *Wyatt v. State,* 23 S.W.3d 18, 25 (Tex.Crim.App.2000). There are two types of contextual evidence: (1) evidence of other offenses connected with the primary offense, referred to as same transaction contextual evidence; and (2) general background evidence, referred to as background contextual evidence. *Mayes v. State,* 816 S.W.2d 79, 86–87 (Tex. Crim.App.1991) Same transaction contextual evidence is admissible as an exception under Rule 404(b) where such evidence is necessary to the jury's understanding of the charged offense. *See Wyatt,* 23 S.W.3d at 25; *Rogers v. State,* 853 S.W.2d 29, 33 (Tex.Crim.App.1993). Extraneous conduct is considered to be same transaction contextual evidence when the charged offense would make little or no sense without also bringing in the same transaction evidence. *Rogers,* 853 S.W.2d at 33. Such evidence provides the jury information essential to understanding the context and circumstances of events that are blended or interwoven. *Camacho v. State,* 864 S.W.2d 524, 532 (Tex.Crim.App.1993).

■ The purpose of admitting same transaction contextual evidence is not to show that the extraneous charged offenses are part of a common scheme or that the charged offense was committed in an identical signature manner. *Jones v. State,* 962 S.W.2d 158, 166 (Tex.App.-Fort Worth 1998, no pet.). Nor is the purpose to show that appellant committed the charged offense merely because he also committed the extraneous offense. *Id.* Rather, the purpose of admitting extraneous evidence as same transaction contextual evidence is to put the instant offense in context. *Id.; Mayes,* 816 S.W.2d at 86–87; *Camacho,* 864 S.W.2d at 532.

■ In addition to satisfying the requirements of same transaction contextual evidence, to be admissible, extraneous evidence must also satisfy the balancing test of Rule 403. TEX.R. EVID. 403. Generally, although a trial court must still perform a balancing test to see if the same transaction contextual evidence's probative value is substantially outweighed by its prejudicial effect, the prejudicial nature of contextual evidence rarely renders such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction. *Houston v. State,* 832 S.W.2d 180, 183–84 (Tex.App.-Waco 1992, pet. dism'd); *Smith v. State,*

949 S.W.2d 333, 337 (Tex.App.-Tyler 1996, pet. ref'd).

 Here, evidence of the arrest warrant for the extraneous Burleson County offense, through testimony and the admission of the redacted arrest warrant itself, was helpful to the jury's understanding of the instant possession offense because it was so intertwined with the charged offense. The arrest warrant evidence provided the jury with a context to show why Glidewell and Norsworthy were searching for appellant, why they were at the location to come across appellant's truck, and how they found the methamphetamine located in appellant's truck. We hold that the arrest warrant evidence as redacted and limited by the trial court in the State's case-in-chief constituted contextual evidence indivisibly connected to the charged offense and was therefore admissible under Rules 401 and 404(b). Tex.R. Evid. 401, 404(b).

 We also conclude that the prejudicial effect of the extraneous evidence did not substantially outweigh its probative value.[7] Limited details surrounding the arrest warrant were introduced in the State's case-in-chief. Investigator Glidewell testified only that he obtained an arrest warrant for appellant and that he subsequently took that arrest warrant to a location in Brazos County. Immediately after Glidewell testified that he obtained an arrest warrant, the court provided the jury with limiting instructions to consider the arrest warrant testimony only for "informational purposes" and not for purposes of determining appellant's guilt. The redacted version of the arrest warrant was then introduced into evidence for all purposes, while the non-redacted version was introduced merely for purposes of the appellate record and was not shown to the jury. The only information contained in the redacted arrest warrant was the fact that there was probable cause to arrest appellant. Consequently, the trial court did not abuse its discretion in admitting this contextual evidence during the State's case-in-chief. We overrule appellant's second point of error.

### Rebuttal Evidence of Burleson County Offense

In his third point of error, appellant contends the trial court erred in admitting evidence and testimony concerning the extraneous Burleson County offense of possession of a prohibited substance in a correctional facility on which the arrest warrant was based. Appellant argues that this evidence was not relevant, that it did not fit into an exception to Rule 404(b), and that its probative value was outweighed by its prejudicial effect.

 As previously noted, extraneous offense evidence is generally inadmissible unless it has noncharacter-conformity relevance, it falls within a Rule 404(b) exception, and its prejudicial effect does not substantially outweigh its probative value. Among the exceptions listed in Rule 404(b), extraneous offense evidence may be admissible to prove intent and knowledge. Rebuttal of a defensive theory is also one of the permissible purposes for which relevant extraneous evidence may be admitted under Rule 404(b). See Moses v. State, 105 S.W.3d 622, 626 (Tex.Crim.App.2003);

---

**7.** Factors considered in a Rule 403 analysis include, inter alia, (1) how compelling the extraneous act evidence serves to make a fact of consequence more or less probable, (2) the potential for the extraneous evidence to irrationally but indelibly impress the jury, (3) the trial time expended developing the extraneous evidence, and (4) the strength of other evidence available to prove a fact of consequence. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Crim.App.1997).

*Powell v. State,* 63 S.W.3d 435, 438 (Tex. Crim.App.2001).

 In the present case, during cross-examination of the State's witnesses, appellant argued that the State did not prove that appellant had care, custody, or control over the methamphetamine found in the truck. Appellant relied heavily on the defensive theory that the State failed to link the truck to appellant and the possibility that somebody else could have gained entry into the truck where the methamphetamine was found. The State, in rebuttal, introduced evidence of the extraneous Burleson County offense, and the court permitted its admission because the appellant opened the door by his cross-examination of the State's witnesses and his defensive theory. Thus, in the rebuttal stage, the State introduced testimony concerning the Burleson County offense. It also introduced the redacted judgment of the Burleson County offense showing that appellant pleaded nolo contendere to the elements alleged in the indictment—that he intentionally and knowingly took into the Burleson County Jail a controlled substance, namely, methamphetamine. Both the indictment and the redacted judgment show the date of the Burleson County offense to be the same date as the instant offense. Consequently, the jury could reasonably infer that, because appellant intentionally and/or knowingly took methamphetamine into the Burleson County jail, he also knowingly and/or intentionally possessed the methamphetamine in his truck.[8]

The extraneous offense evidence is relevant because it logically makes elemental facts—intent and knowledge—more or less probable, and it makes the defense's evidence, attempting to undermine these elemental facts, more or less probable. *Montgomery,* 810 S.W.2d at 387–88. The fact that appellant pleaded nolo contendere to the indictment elements of the Burleson county offense—that he knowingly and intentionally took methamphetamine to the jail—the same day as the instant offense, was evidence that tended to establish appellant's intent and his knowledge of possession of methamphetamine on the date of the charged offense. Therefore, we conclude that the extraneous offense evidence was properly admitted under Rule 404(b).[9]

 Having determined that the extraneous offense evidence had relevance apart from showing appellant's bad character, we must determine whether the court conducted a proper Rule 403 analysis. We give great deference to the trial court's determination that the probative value of the extraneous offense evidence outweighed its prejudicial effect. *Montgomery,* 810 S.W.2d at 392. We find that (1) this extraneous offense evidence made appellant's intent and his knowledge of the methamphetamine in his truck more probable; (2) this evidence had only a slight potential for impressing the jury irration-

8. While great similarity is required between the extraneous and charged offense when proving identity, the same high degree of similarity is not needed when intent is the disputed issue. *See Bishop v. State,* 869 S.W.2d 342, 346 (Tex.Crim.App.1994); *Plante v. State,* 692 S.W.2d 487, 491–92 (Tex.Crim.App. 1985). Here, both possession offenses occurred on the same day and both offenses concerned the same controlled substance—methamphetamine.

9. Finally, the court's limiting instruction to the jury both after the testimony was admitted and again in the jury charge indicates that the trial court admitted the evidence for purposes other than character conformity. *See* Tex.R. Evid. 105(a); *Powell,* 63 S.W.3d at 439. The instructions provided that the jury could consider the defendant's having committed other offenses only for determining the intent or knowledge of the defendant and for no other purposes.

ally; (3) the amount of time expended in developing this evidence was appropriate, given appellant's defensive theories and his opening the door; and (4) it did not outweigh, but rebutted, appellant's evidence of lack of intent to possess the methamphetamine in his truck and lack of knowledge of its presence. *See Santellan*, 939 S.W.2d at 169. Giving deference to the trial court's determination of admissibility, we conclude that the decision to admit the evidence was within the zone of reasonable disagreement.

*Legal Insufficiency*

In his fourth point of error, appellant claims that the evidence was legally insufficient to support his conviction. Appellant argues that the evidence fails to establish that "he knew of the contraband's existence, much less exercised control over it" because the State failed to affirmatively link him to the truck and the methamphetamine found in the truck. In support of his argument, appellant notes that the State (1) failed to establish that he owned the vehicle, (2) failed to link him to the truck containing the methamphetamine; and (3) failed to present any evidence of fingerprints found in the truck.

We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine if any rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim.App.2000); *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000). Although our analysis considers all evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the factfinder. *King*, 29 S.W.3d at 562.

 To prove unlawful possession of a controlled substance, the State must establish that the accused (1) exercised care, control, custody, or management over the contraband, (2) was conscious of his connection with it, and (3) knew the matter was contraband. TEX. HEALTH & SAFETY CODE ANN. §§ 481.002, 481.115 (Vernon 2003); *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995); *Roberson v. State*, 80 S.W.3d 730, 735 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). When contraband is not found on the appellant's person, as here, the evidence must affirmatively link it to the defendant so that it can be reasonably inferred he knew about it and exercised control over it. *Roberson*, 80 S.W.3d at 735. The factors that establish affirmative links include whether (1) the defendant was present when the drugs were found; (2) the contraband was in plain view; (3) the defendant was in proximity to the drugs and had access to them; (4) the defendant was under the influence of drugs when arrested; (5) the defendant possessed other contraband; (6) the defendant made incriminating statements when arrested; (7) the defendant attempted to flee; (8) the defendant made furtive gestures; (9) there was an odor of drugs; (10) the defendant owned or had the right to possess the place where the drugs were found; (11) the drugs were found in an enclosed place; (12) the amount of drugs found was significant; (13) the defendant possessed weapons; and (14) the defendant possessed a large amount of cash. *Hurtado v. State*, 881 S.W.2d 738, 743 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). Although courts recognize many non-exhaustive factors that may constitute affirmative links, the number of factors is not as important as the degree to which they, alone or together, tend affirmatively to link the accused to the drug. *Id.* Evidence that affirmatively links the accused to the drugs must establish a connection

that was more than fortuitous. *Brown,* 911 S.W.2d at 747.

After examining the record, we conclude that a rational trier of fact could have found, beyond a reasonable doubt, that appellant knowingly possessed the methamphetamine found in the truck. Specifically, the jury was presented with sufficient evidence that linked appellant to the truck and the drugs found therein. Glidewell testified that he saw suspected methamphetamine in plain view in a truck that he knew belonged to appellant. Appellant voluntarily signed a consent to search form describing the vehicle and gave the keys to his vehicle to Glidewell. Glidewell testified that appellant never gave any indication that anyone other than himself had possession or control of the vehicle. And Norsworthy testified that appellant never brought up the issue of accessibility to the truck or that there was a flawed door handle, suggesting that someone else could have gotten into his vehicle.

Viewing the evidence in the light most favorable to the verdict, a rational jury could have found that the above facts sufficiently linked appellant to the truck and to the methamphetamine. Accordingly, we hold that the evidence is legally sufficient to support the conviction. We overrule appellant's fourth point of error.

*State's Closing Arguments*

In points of error five and six, appellant claims that the trial court erred in overruling his objections to the State's closing argument. Appellant contends that the prosecutor (1) struck at the appellant "over the shoulders of his attorney" and (2) introduced facts not supported by the evidence adduced at trial.

The law provides for and presumes a fair trial, free from improper argument by the State. *Long v. State,* 823 S.W.2d 259, 267 (Tex.Crim.App.1991). Proper jury argument must encompass one of the following: (1) a summation of the evidence presented at trial; (2) a reasonable deduction drawn from that evidence; (3) an answer to the opposing counsels argument; or (4) a plea for law enforcement. *Guidry v. State,* 9 S.W.3d 133, 154 (Tex.Crim.App.1999); *Sandoval v. State,* 52 S.W.3d 851, 857 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). To determine whether a party's argument properly falls within one of these categories, we must consider the argument in light of the entire record. *Sandoval,* 52 S.W.3d at 857. In most cases, if error occurs, an instruction to disregard will cure any error committed. *Shannon v. State,* 942 S.W.2d 591, 597–98 (Tex.Crim.App.1996).

*Striking Over the Shoulders*

In regard to appellant's assertion that the State improperly struck at the defendant over the shoulders of his attorney, we conclude that appellant invited the alleged improper argument. The relevant exchange occurred as follows—first, during its jury argument, defense counsel stated:

> Mr. Bobbitt: They have not shown beyond a reasonable doubt. They have brought you some evidence, and they've thrown it up against the wall like mud hoping some of it will stick to you. They got so frantic and panicky at the end of the day, they brought you some evidence of Burleson County [offense of prohibited substance in a correctional facility].

Then, in its argument, the State responded:

> Ms. Lowry: . . . There is only one person that created this situation and has required you to be here, and we all know who that is. Now, how did he do that? You know, it's funny that

Mr. Bobbitt talks about let's throw some mud against the wall and see what sticks, because that's a classic defense technique. Classic. That's what they do. When they can't convince you, they try to confuse you.

Mr. Bobbitt: I would object at striking at the Defendant over the shoulders of his attorney.

The Court: Objection overruled.

■■■ If the defense counsel invites argument, then it is appropriate for the State to respond. *See Albiar v. State*, 739 S.W.2d 360, 362 (Tex.Crim.App.1987). In this case, the prosecutor was responding to defense counsel's argument; even the language the prosecutor used in argument mirrors that of defense counsel. In reviewing defense counsel's argument and the prosecutor's response, we cannot say that the trial court abused its discretion in overruling the objection. The response was within an invited argument, and no error occurred.

*Improper Announcement of Evidence*

Appellant also contends the State's argument was "an improper announcement of evidence." During the prosecutor's jury argument the following exchange occurred:

Ms. Lowry: (Continuing) And the arrest warrant that they brought with them on that day, July 8th, 2001, that [Glidewell] obtained just earlier—and you can take these things back in the jury room with you—that arrest warrant was because he had just delivered methamphetamine to the Burleson County Jail. You heard Investigator Glidewell tell you that—

Mr. Bobbitt: Judge, that was an improper pronouncement. There was no evidence that he delivered those drugs to anybody in Burleson County.

The Court: Objection overruled.

■■■ We consider challenged jury argument in its context and grant counsel wide latitude in drawing inferences from the evidence. *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex.Crim.App.1988). As previously noted, proper jury argument includes summation of the evidence presented at trial and reasonable deductions drawn from that evidence. *Guidry*, 9 S.W.3d at 154; *Sandoval*, 52 S.W.3d at 857. Here, the State's reference to an arrest warrant and the extraneous offense was a summary of the evidence and a reasonable deduction from the evidence. During trial, the arrest warrant, the indictment, and the judgment for the Burleson County extraneous offense were all admitted into evidence. Officer Glidewell also testified that he was told by Norsworthy that appellant tried to pass methamphetamine to his wife in jail and that he obtained the arrest warrant based on that information. Therefore, based on the evidence presented at trial, the State's jury argument was proper as a summation of the evidence and as a reasonable deduction drawn from the evidence. As such, the prosecutor's argument was not improper, and the trial court did not err in overruling appellant's objection.

We overrule points of error five and six.

## Conclusion

We affirm the judgment.