Affirmed and Memorandum Opinion filed July 13, 2004









Affirmed and Memorandum Opinion filed July 13, 2004.

 

 

In
The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00632-CR

____________

 

MARK
EDWARD WRIGHT, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_______________________________________________________________________

 

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 934,130

_______________________________________________________________________

 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Mark
Edward Wright, guilty of possession of a firearm by a felon.  In his sole issue, he contends the trial
court erred in denying his motion to suppress the firearm because it was seized
during an illegal search.  Because all
dispositive issues are clearly settled in law, we issue this memorandum opinion
and affirm.  See Tex. R. App. P. 47.4.








Background


On the night of May 19, 2002,
Deputy Constables Belmares and Tellez responded to a report that a man with a
gun was banging on the front door of a home. 
When the deputies arrived at the home, appellant was standing in the
yard.  Another man was sitting in the
driver=s seat of
appellant=s Suburban parked on the street
in front of the house.  The deputies
handcuffed appellant and the other man, but they did not arrest them at that
time.  While appellant was detained,
Deputy Belmares used a flashlight to look through the rear windows of the
Suburban.  He saw, and then retrieved, a
handgun lying on top of a duffel bag. 
Appellant filed a motion to suppress the handgun, which the trial court
denied.  

Discussion

In his sole issue, appellant
claims the trial court erred in denying his motion to suppress because the
search of his vehicle violated his rights under the Fourth, Fifth, and
Fourteenth Amendments to the United States Constitution, and Article I, Section
9 of the Texas Constitution.  Although appellant contends that the
deputies= conduct violated his rights under
both the United States and Texas constitutions, he does not indicate how his
rights under the Texas Constitution exceed or differ from his rights under the
United States Constitution.  Therefore,
we will only consider his federal constitutional argument.  See Arnold v. State, 873 S.W.2d 27, 33
& n.4 (Tex. Crim. App. 1993). 

We review a trial court=s ruling
on a motion to suppress for abuse of discretion.  Oles v. State, 993 S.W.2d 103, 106
(Tex. Crim. App. 1999).  Additionally,
the trial court is the sole trier of fact as well as the judge of the
credibility of witnesses and the weight to be given their testimony.  State v. Ballard, 987 S.W.2d 889, 891
(Tex. Crim. App. 1999).  When a trial
court does not make explicit findings of fact, we assume the trial court made
the implicit findings of fact that are supported by the record.  Carmouche v. State, 10 S.W.3d 323, 328
(Tex. Crim. App. 2000).    








Appellant claims the search was
illegal because it was not a proper protective sweep, and the deputies lacked
probable cause to search appellant=s
vehicle.  The State contends the search
in this case did not violate any of appellant=s rights
because it satisfied the Aplain
view@
doctrine.  The observation and seizure of
property in plain view involves no invasion of privacy.  Walter v. State, 28 S.W.3d 538, 541
(Tex. Crim. App. 2000) (citing Horton v. California, 496 U.S. 128, 133,
110 S. Ct. 2301, 2306 (1990)).  The Aplain
view@ doctrine
requires that (1) law enforcement officials have a right to be where they are,
and (2) it is immediately apparent that the item seized constitutes evidence, that
is, there is probable cause to associate the item with criminal activity.  Id.   


Here, deputies were in a place
they had a lawful right to beCon a
street in front of a residence where they were responding to an emergency
call.  Additionally, Deputy Belmares= action
of using a flashlight to look into appellant=s vehicle
did not constitute a search.  See
Texas v. Brown, 460 U.S. 730, 739B40, 103
S. Ct. 1535, 1542 (1983); Swarb v. State, 125 S.W.3d 672, 680 (Tex. App.CHouston
[1st Dist.] 2003, pet. dism=d); see
also Walter, 28 S.W.3d at 543B44.  Deputy Belmares saw the handgun in plain view
in the vehicle, and there was probable cause to associate the gun with criminal
activity.  See Tex. Pen. Code Ann. ' 46.02
(Vernon 2003) (providing that a person commits an offense if he carries a
handgun). Accordingly, the seizure of the handgun was reasonable under the Aplain
view@
doctrine, and appellant=s motion
to suppress was properly denied.  We
overrule appellant=s
issue.      

The judgment of the trial court
is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed July 13, 2004.

Panel consists of Justices
Fowler, Edelman, and Seymore. (Edelman, J. concurs in result only.)

 

Do Not Publish C Tex. R. App. P. 47.2(b).