

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00027-CR

**JEREMY WAYNE MATTHEWS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 278th District Court
Leon County, Texas
Trial Court No. CM-08-101

## MEMORANDUM OPINION

A jury convicted Jeremy Wayne Matthews of theft and sentenced him to two years in state jail. In a single issue, Matthews challenges the admission of evidence under Rules of Evidence 403 and 404(b). We affirm.

### FACTUAL BACKGROUND

On the night of the offense, Gloria Richardson, a dispatcher for the Leon County Sheriff's Office, contacted Sheriff's deputies when Matthews created a disturbance at the Sheriff's Department. Upon his arrival at the Department, Deputy Robert Kelly

encountered an agitated, nervous, and "jumpy" Matthews. Although Matthews smelled of alcohol, Kelly determined that he was not a danger to himself or others and sent Matthews home with instructions not to return that night.

Shortly thereafter, Jeffery Jones, an employee for Champion Technologies, heard someone rattling the front gate to the truck yard. Jones noticed that the gate, which had been locked, was open. Jones then saw a truck drive out of the gate.

Back at the Sheriff's Department, Richardson saw a large white truck beam its lights into the lobby. Richardson saw the truck back away and pull up parallel to the front doors. She saw Matthews exit the vehicle.

Kelly returned to the Sheriff's Department and saw a "large flatbed truck parked parallel to the building." Matthews stood between the building and the truck. He held a large standing ashtray over his head as though he planned to throw it through the window. Kelly positioned his vehicle to block the truck's exit.

Matthews climbed into the truck, cranked the engine, and drove towards Kelly's patrol car. Two other patrol cars blocked Matthews's exit. Matthews backed up towards Kelly. Kelly managed to open the driver's side door of the truck and struggled to remove Matthews from the truck. Kelly needed assistance from other officers to force Matthews to the ground. Kelly testified that Matthews was attempting to flee.

Sheriff's deputies contacted Jones, who identified the missing truck as the one Matthews drove at the Sheriff's Department. Jones testified that, to his knowledge, no one had given Matthews permission to drive the truck.

ANALYSIS

In one issue, Matthews contends that the trial court abused its discretion by allowing Kelly to testify to extraneous-offense evidence in violation of Rules of Evidence 403 and 404(b).

Outside the jury's presence and before Kelly's complained-of testimony, defense counsel argued that Kelly's testimony was more prejudicial than probative because it introduced three extraneous offenses: evading arrest, resisting arrest, and aggravated assault of an officer. He argued that testimony about Matthews driving towards Kelly was irrelevant to theft of the truck.

The State argued that the testimony established flight, which can be considered as evidence of guilt, and is "part of the res gestae of the entire criminal episode to show that he intended to deprive Champion of the vehicle." The trial court agreed that Matthews's actions were part of the transaction, "important to show proof of his intent in this transaction regarding the truck," and overruled Matthews's objection.

On appeal, Matthews argues that Kelly's testimony is mere evidence of "character conformity," not evidence of intent to commit theft. The State responds that Kelly's testimony was admissible as same transaction contextual evidence.

"Same-transaction contextual evidence results when an extraneous matter is so intertwined with the State's proof of the charged crime that avoiding reference to it would make the State's case incomplete or difficult to understand." *Prible v. State*, 175 S.W.3d 724, 732 (Tex. Crim. App. 2005); *see Wyatt v. State,* 23 S.W.3d 18, 25 (Tex. Crim. App. 2000). "[E]vents do not occur in a vacuum, and the jury has a right to hear what

occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence." *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Under Rule 404(b), "same transaction contextual evidence is admissible 'only to the extent that it is necessary to the jury's understanding of the offense.'" *Wyatt*, 23 S.W.3d at 25. Such necessity can exist either because: (1) several offenses are so intermixed or connected as to form a single, indivisible criminal transaction, such that in narrating the one, it is impracticable to avoid describing the other; or (2) the same transaction contextual evidence tends to establish some evidentiary fact, such as motive or intent. *McDonald v. State*, 148 S.W.3d 598, 602 (Tex. App.—Houston [14th Dist.] 2004), *aff'd by* 179 S.W.3d 571 (Tex. Crim. App. 2005).

That Matthews failed to cooperate and attempted to flee tends to establish an evidentiary fact, *i.e.*, Matthews's intent to deprive Champion of the truck. *See McDonald*, 148 S.W.3d at 602; *see also Burks v. State*, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994) ("Evidence of flight is admissible as a circumstance from which an inference of guilt may be drawn."); *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998) (A defendant's intent "'can only be determined from his words, acts, and conduct.'"); *Yates v. State*, 941 S.W.2d 357, 366-67 (Tex. App.—Waco 1997, pet. ref'd); *Howard v. State*, No. 05-99-02144-CR, 2001 Tex. App. LEXIS 1817, at *14 (Tex. App.—Dallas Mar. 16, 2001, no pet.) (not designated for publication).

The probative value of this evidence is not "substantially outweighed by the danger of unfair prejudice." TEX. EVID. R. 403. The State needed the evidence to establish intent. *See Wesbrook*, 29 S.W.3d at 115. The complained-of testimony

comprises a few pages of the record and is not of such a nature to impress the jury in an irrational or indelible way. Such evidence merely "sets the stage for the jury's comprehension of the whole criminal transaction." *Swarb v. State*, 125 S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd). Thus, the trial court did not abuse its discretion by admitting this portion of Kelly's testimony.

However, that Matthews drove towards Kelly or Kelly's patrol car is not "'necessary to the jury's understanding of the offense'" and is not relevant to intent. *Wyatt*, 23 S.W.3d at 25; *see McDonald*, 148 S.W.3d at 602. Assuming without deciding that admission of this evidence constitutes an abuse of discretion, the record contains ample evidence of Matthews's guilt. *See Moreno v. State*, 195 S.W.3d 321, 327-28 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see also Almaguer v. State*, No. 14-06-00996-CR, 2008 Tex. App. LEXIS 4319, at *11-12 (Tex. App.—Houston [14th Dist.] June 12, 2008, pet. ref'd) (not designated for publication). Any error in admitting this portion of Kelly's testimony is harmless.

We overrule Matthews's sole issue and affirm the trial court's judgment.

FELIPE REYNA
Justice

Before Chief Justice Gray,
  Justice Reyna, and
  Justice Davis
Affirmed
Opinion delivered and filed December 30, 2009
Do not publish
[CR25]