IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00027-CR

 

Jeremy Wayne Matthews,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 278th District
Court

Leon County, Texas

Trial Court No. CM-08-101

 



MEMORANDUM  Opinion



 








            A jury convicted Jeremy Wayne
Matthews of theft and sentenced him to two years in state jail.  In a single
issue, Matthews challenges the admission of evidence under Rules of Evidence
403 and 404(b).  We affirm.

FACTUAL BACKGROUND

            On the night of the offense,
Gloria Richardson, a dispatcher for the Leon County Sheriff’s Office, contacted
Sheriff’s deputies when Matthews created a disturbance at the Sheriff’s
Department.  Upon his arrival at the Department, Deputy Robert Kelly encountered
an agitated, nervous, and “jumpy” Matthews.  Although Matthews smelled of
alcohol, Kelly determined that he was not a danger to himself or others and
sent Matthews home with instructions not to return that night.

Shortly thereafter, Jeffery Jones, an
employee for Champion Technologies, heard someone rattling the front gate to
the truck yard.  Jones noticed that the gate, which had been locked, was open. 
Jones then saw a truck drive out of the gate.

Back at the Sheriff’s Department, Richardson
saw a large white truck beam its lights into the lobby.  Richardson saw the
truck back away and pull up parallel to the front doors.  She saw Matthews exit
the vehicle.

Kelly returned to the Sheriff’s Department
and saw a “large flatbed truck parked parallel to the building.”  Matthews
stood between the building and the truck.  He held a large standing ashtray
over his head as though he planned to throw it through the window.  Kelly
positioned his vehicle to block the truck’s exit.

Matthews climbed into the truck, cranked
the engine, and drove towards Kelly’s patrol car.  Two other patrol cars
blocked Matthews’s exit.  Matthews backed up towards Kelly.  Kelly managed to
open the driver’s side door of the truck and struggled to remove Matthews from
the truck.  Kelly needed assistance from other officers to force Matthews to
the ground.  Kelly testified that Matthews was attempting to flee.

Sheriff’s deputies contacted Jones, who identified
the missing truck as the one Matthews drove at the Sheriff’s Department.  Jones
testified that, to his knowledge, no one had given Matthews permission to drive
the truck.

 

ANALYSIS

In one issue, Matthews contends that the
trial court abused its discretion by allowing Kelly to testify to extraneous-offense
evidence in violation of Rules of Evidence 403 and 404(b).

Outside the jury’s presence and before
Kelly’s complained-of testimony, defense counsel argued that Kelly’s testimony
was more prejudicial than probative because it introduced three extraneous
offenses: evading arrest, resisting arrest, and aggravated assault of an
officer.  He argued that testimony about Matthews driving towards Kelly was
irrelevant to theft of the truck.  

The State argued that the testimony
established flight, which can be considered as evidence of guilt, and is “part
of the res gestae of the entire criminal episode to show that he intended to
deprive Champion of the vehicle.“  The trial court agreed that Matthews’s
actions were part of the transaction, “important to show proof of his intent in
this transaction regarding the truck,” and overruled Matthews’s objection.

On appeal, Matthews argues that Kelly’s
testimony is mere evidence of “character conformity,” not evidence of intent to
commit theft.  The State responds that Kelly’s
testimony was admissible as same transaction contextual evidence.

 “Same-transaction contextual evidence
results when an extraneous matter is so intertwined with the State’s proof of
the charged crime that avoiding reference to it would make the State’s case
incomplete or difficult to understand.”  Prible v. State,
175 S.W.3d 724, 732 (Tex. Crim. App. 2005); see Wyatt
v. State, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000).  “[E]vents
do not occur in a vacuum, and the jury has a right to hear what occurred
immediately prior to and subsequent to the commission of that act so that it
may realistically evaluate the evidence.”  Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim.
App. 2000).  Under Rule 404(b), “same transaction contextual
evidence is admissible ‘only to the extent that it is necessary to the jury’s
understanding of the offense.’”  Wyatt, 23 S.W.3d at 25.  Such necessity can exist either because:
(1) several offenses are so intermixed or connected as to form a single,
indivisible criminal transaction, such that in narrating the one, it is
impracticable to avoid describing the other; or (2) the same transaction
contextual evidence tends to establish some evidentiary fact, such as motive or
intent.  McDonald v.
State, 148 S.W.3d 598,
602 (Tex. App.—Houston [14th Dist.] 2004), aff’d by 179 S.W.3d 571 (Tex. Crim. App. 2005).

That Matthews failed to cooperate and
attempted to flee tends to establish an evidentiary fact, i.e.,
Matthews’s intent to deprive Champion of the truck.  See McDonald, 148 S.W.3d at 602; see also Burks
v. State, 876 S.W.2d 877, 903 (Tex. Crim. App. 1994) (“Evidence of flight is admissible as a
circumstance from which an inference of guilt may be drawn.”); Smith v. State, 965 S.W.2d 509, 518 (Tex. Crim. App.
1998) (A defendant’s intent
“‘can only be determined from his words, acts, and conduct.’”); Yates v. State, 941 S.W.2d 357, 366-67 (Tex.
App.—Waco 1997, pet. ref’d); Howard v. State, No.
05-99-02144-CR, 2001 Tex.
App. LEXIS 1817, at *14 (Tex. App.—Dallas Mar. 16, 2001, no pet.) (not
designated for publication). 


The probative value of this evidence is
not “substantially outweighed by the danger of unfair prejudice.”  Tex. Evid. R. 403.  The
State needed the evidence to establish intent.  See Wesbrook, 29 S.W.3d at 115.  The complained-of testimony comprises a
few pages of the record and is not of such a nature to impress the jury in an irrational or
indelible way.  Such evidence merely “sets the stage for the jury’s
comprehension of the whole criminal transaction.”  Swarb v. State, 125 S.W.3d 672, 681 (Tex. App.—Houston
[1st Dist.] 2003, pet. dism’d).  Thus, the trial court did not abuse its
discretion by admitting this portion of Kelly’s testimony.

However, that Matthews drove towards Kelly
or Kelly’s patrol car is not “‘necessary to the jury’s understanding of the
offense’” and is not relevant to intent.  Wyatt,
23 S.W.3d at 25; see McDonald, 148 S.W.3d at 602.  Assuming without
deciding that admission of this evidence constitutes an abuse of discretion,
the record contains ample evidence of Matthews’s guilt.  See Moreno v. State,
195 S.W.3d 321, 327-28 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d); see
also Almaguer v. State, No.
14-06-00996-CR, 2008 Tex.
App. LEXIS 4319, at *11-12 (Tex. App.—Houston [14th Dist.] June 12,
2008, pet. ref’d) (not designated for publication).  Any error in
admitting this portion of Kelly’s testimony is harmless.

We overrule Matthews’s sole issue and affirm
the trial court’s judgment.  

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed December 30, 2009

Do not publish

[CR25]