COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§
JAMES RANDALL DOWNS,                                      No. 08-09-00068-CR
§
                    Appellant,                            Appeal from
§
v.                                                       143rd District Court
§
THE STATE OF TEXAS,                                      of Ward County, Texas
§
                    Appellee.                            (TC # 08-10-05019-CRW)
§

## O P I N I O N

James Randall Downs was charged by indictment with the offense of aggravated sexual assault of a child under the age of fourteen years.[1]  Appellant pled not guilty to the indictment.  A jury found him guilty and assessed his punishment at life imprisonment.  For the reasons that follow, we affirm.

### FACTUAL BACKGROUND

Appellant was accused of sexually assaulting Karen Edwards (a pseudonym), a child younger than fourteen years of age, by causing her anus to contact his sexual organ.  The indictments also alleged two prior felony convictions for enhancement.  Appellant filed a motion *in limine* prior to trial seeking notice of the State's attempt to introduce evidence of other crimes, wrongs, or bad acts committed by him.

At the hearing on the motion *in limine*, the State argued that ten-year-old Karen and the five-

---

[1] Appellant was also charged by indictment with the offense of kidnapping.  The two cases were consolidated for trial.  Appellant appeals both convictions and we have addressed them as companion cases.  *See David Norris Alexander v. State*, 08-07-00280-CR, (Tex.App.--El Paso 2008, no pet. h.).

year-old victim involved in two other indictments were kidnapped and assaulted together during the same transaction and that evidence would be admissible as to all of the offenses. The court ruled that the State would have to restrict the evidence to prove the offenses that were the subject of the trial and not offer evidence as to the Appellant's conduct toward the other alleged victim. The State argued that the offenses were intertwined and the resulting DNA specimens were mixed together such that the facts were so commingled as to make it necessary to show all of the offenses. The court disagreed.

During opening statements, the State mentioned to the jury that they would hear that Appellant took off his clothes and told the two girls to remove their clothing. Defense counsel asked to approach and argued that the prosecutor violated the court's order by interjecting an extraneous offense into the case. Counsel asked for an instruction to disregard and moved for mistrial. The court cautioned the State, but denied counsel's requests.

Karen testified that Appellant was kissing Tae, the second minor. Defense counsel objected again and argued that it was an extraneous offense not charged in the case. Appellant renewed his request for an instruction to disregard and moved for mistrial. The court cautioned the State not to pursue this line of questioning but overruled the objection. Karen also testified that Appellant told her and Tae to take their clothes off. Appellant objected, arguing that it was testimony of an extraneous offense of disrobing an under-aged child. For the third time, Appellant unsuccessfully asked for an instruction to disregard and moved for mistrial. The prosecutor attempted to ask Karen if Appellant wanted to do anything with his "middle spot." Appellant objected as to extraneous offense and the court sustained this objection. Finally, Karen testified that Appellant told her and Tae that if they "told," he would kill them. Appellant objected that evidence of the threat would constitute an extraneous offense. The court overruled the objection.

During the testimony of Alejandro Luna, the court admonished the State that the witness was testifying to extraneous matters by mentioning that there were multiple victims. The defense moved for a mistrial and the court overruled it. Appellant also objected to the testimony of Brad Mullins. Mullins testified that there were two sexual assault kits submitted to him. The prosecutor responded that he would "clear it up" and the court requested it be done outside the presence of the jury.

Appellant also objected during the testimony of Cory Armstead, who testified to the results of Karen's genitalia examination. Appellant argued that any other medical testimony not strictly regarding the victim's anus would constitute evidence of extraneous offenses. The court agreed. Christine Ceniceros testified that she found semen on the vaginal swab during her analysis of State's Exhibit 14. Appellant objected that she was getting into extraneous offenses. The court instructed the jury to disregard the answer.

## EXTRANEOUS OFFENSE

In his sole point of error, Appellant complains that the trial court erred in allowing extensive testimony from the State's witnesses regarding evidence of other crimes, wrongs, or bad acts committed by Appellant. He contends that the prosecutor knowingly introduced evidence of the second victim only to prejudice the jury and to show that Appellant acted in conformity with such character.

*Standard of Review*

We review a trial court's decision regarding the admissibility of evidence for an abuse of discretion. *Rodriguez v. State*, 203 S .W.3d 837, 841 (Tex.Crim.App. 2006). This standard requires an appellate court to uphold a trial court's decision to admit evidence when that decision is within the zone of reasonable disagreement. *Id*. An appellate court would misapply the appellate abuse of discretion standard of review to reverse a trial court's admissibility decision solely because the appellate court disagreed with it. *Id*.; *see also Robbins v. State*, 88 S.W.3d 256, 259-60 (Tex.Crim.App. 2002).

*Same Transaction Contextual Evidence*

Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person to show action in conformity therewith. TEX.R.EVID. 404(b). But it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, or knowledge. *Id*. For evidence of other crimes to be admissible, it must be relevant for a purpose other than to show the character of a person and that he acted in conformity with it. *See* TEX.R.EVID. 404(b).

"Same transaction contextual evidence" is evidence that reflects the context in which a criminal act occurred. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000). To be admissible under Rule 404(b), same transaction contextual evidence must be necessary to the jury's understanding of the offense. *Id*. at 115. Thus, necessity is the "other purpose" for which same transaction contextual evidence is admissible. *Rogers v. State*, 853 S.W.2d 29, 33 (Tex.Crim.App. 1993). Necessity may exist either because: (1) several offenses are so intermixed or connected as to form a single, indivisible criminal transaction, such that in narrating one, it is impracticable to avoid describing the other; or (2) the same transaction contextual evidence tends to establish some evidentiary fact, such as motive or intent. *McDonald v. State*, 148 S.W.3d 598, 602 (Tex.App.--

Houston [14th Dist.] 2004), *aff'd by* 179 S.W3d 571 (Tex.Crim.App. 2005).

Here, the evidence involving the second minor was necessary to the jury's understanding of the offense and was admissible as "same transaction contextual evidence." The offenses involving both children were so intermixed or connected as to form a single, indivisible criminal transaction, and it would be impracticable to avoid describing one when narrating the other. Because the evidence was admissible, we perceive no abuse of discretion.

*Rule 403 Analysis*

Relevant evidence may nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX.R.EVID. 403. An analysis by the trial court should include, but is not limited to, the following considerations: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex.Crim.App. 2004). Although a trial court must still perform a balancing test to see if the same transaction contextual evidence's probative value is substantially outweighed by its prejudicial effect, the prejudicial nature of contextual evidence rarely renders such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction. *Mann v. State*, 718 S.W.2d 741, 744 (Tex.Crim.App. 1986); *Swarb v. State*, 125 S.W.3d 672, 681 (Tex.App.--Houston [1st Dist.] 2003, pet. dism'd).

The record does not establish that the evidence involving the second child had the potential to impress the jury in some irrational, indelible way. Testimony concerning the second minor was limited and the State was consistently cautioned by the trial court. Nor does the record demonstrate that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. We overrule the sole point and affirm the judgment of the trial court.

August 4, 2010

_____

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)