Opinion issued June 23, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00683-CR

———————————

Albert Lee Dickson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 262nd District Court

Harris County, Texas



Trial Court Case No. 1250794

 



 

MEMORANDUM OPINION

A jury
convicted appellant Albert Lee Dickson of the third degree felony of attempted
burglary of a habitation with intent to commit theft.  See
Tex. Penal Code Ann. §§ 15.01,
30.02 (West 2003).  Dickson pleaded true
to two enhancements (alleging prior convictions for the felonies of burglary of
a habitation and theft), and the jury assessed punishment at 40 years in
prison.  See Tex. Penal Code Ann.
§ 12.42(d) (West Supp. 2010).  In his
sole appellate issue, Dickson contends that the trial court abused its
discretion by allowing the State to introduce evidence of an unadjudicated
theft offense.  Because Dickson’s intent
was put at issue by his counsel’s opening statement and cross-examination of State’s
witnesses, we conclude that the trial court did not abuse its discretion in
admitting evidence of the extraneous theft. 
Therefore we affirm the conviction.

I.                 
Background

Just after 7:00 a.m. on a Friday
morning, a frantic banging on the door and ringing of the doorbell roused
Matthew and Christine Rose.  They ran to
the front door, looked through the window, and saw a stranger pounding on their
front door.  At trial they both
identified that man as the defendant, Albert Lee Dickson.  They watched as Dickson stepped back and
looked to the left and the right, and then loudly kicked the door.  Later, they saw a footprint on the door where
Dickson had kicked it.  Matthew and
Christine went to their first-floor bedroom to get dressed, and from there,
Matthew heard the metal latch on his back gate being unlatched.  He looked out his bedroom window and saw
Dickson in his backyard, walking toward his back door.  Matthew, a former Marine, grabbed a machete,
which he described as “the only weapon that I possess.”

A grapefruit-sized rock or piece of
cement crashed through the living room window. 
Matthew testified that he saw Dickson’s hand come through the broken glass
and unlatch the right side of the window. 
Christine testified that she saw either his hand or his head come
through the window.  As Dickson tried to
unlatch the left side of the window, Matthew struck his hand with the
machete.  Despite the defense attorney’s
assertions in opening and closing arguments that there was no blood in the
house, both Christine and Matthew testified that blood spattered inside the
house, on the walls and on a couch. 
Dickson ran away, but Matthew chased him down the street and eventually
apprehended him with help from a neighbor. 


Meanwhile, Christine had called the
police.  A patrol car was already in the
neighborhood because of an earlier report. 
Harris County Deputy B. Ballard, who responded to both calls testified,
“The earlier call was reference to a suspicious vehicle. It was a white Lincoln
Navigator that was being driven with no headlights by a black male.”  Deputy Ballard found keys to a Lincoln
Navigator in Dickson’s pocket.  While
responding to the burglary call, Ballard received another call about a stolen
white Lincoln Navigator.  The keys from
Dickson’s pocket matched the stolen car.

Before trial on the charge that
Dickson attempted burglary of the Roses’ house, the State filed a notice of
intent to introduce evidence of extraneous offenses, including evidence
pertaining to the alleged theft of the Lincoln Navigator.  The trial court granted Dickson’s motion in
limine pertaining to evidence regarding the alleged theft of the Lincoln
Navigator.

At trial, Dickson’s attorney argued
in his opening statement that this was not a case of burglary but a case of
trespassing. 

I
expect the evidence is going to show you the following: That this case was
nothing more than my client breaking a window or trespassing on somebody’s
property, that’s it.  The evidence is
going to show you that, yeah, he was there.  He was knocking on the door that morning.  The evidence is going to show that my client
threw a rock through the window.  There’s
no evidence that my client stuck his hand through the window.  

 

During Deputy Ballard’s testimony, the prosecutor
approached the bench in regard to the limine order.  The State wanted to ask Ballard what he found
in Dickson’s pockets as a way of linking him to the theft.  After a discussion about whether the defense
had placed Dickson’s intent at issue, the court stated simply, “I’m going to allow
you to go into it.”  The State then
introduced evidence pertaining to the theft of the Lincoln Navigator through
the testimony of Ballard, two other deputies, and the owner of the Lincoln
Navigator.  

          In
his closing argument, Dickson’s counsel urged the jury to find him guilty only
of the lesser-included offense of criminal trespass.  The jury found him guilty of attempted
burglary with intent to commit theft.  On
appeal, Dickson contends that the trial court abused its discretion by allowing
the State to introduce evidence regarding the theft of the Lincoln Navigator.

II.              
Standard of review

We review a trial court’s decision
to admit or exclude evidence under an abuse-of-discretion standard.  Casey
v. State, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).  A trial court abuses its discretion when its
decision lies outside the zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).  Evidence of extraneous offenses or misconduct
is generally not admissible to show the character of the defendant or his
actions in conformity therewith.  Tex. R. Evid. 404(b); see Casey, 215 S.W.3d at 879; Swarb v. State, 125 S.W.3d 672, 680–81
(Tex. App.—Houston [1st Dist.] 2003, pet. dism’d).  “It may, however, be admissible for other purposes,
such as proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident . . . .”  Tex.
R. Evid. 404(b).  A defense
opening statement may open the door to the admission of extraneous-offense
evidence to rebut the defensive theory presented in the defense opening
statement.  See Bass v. State, 270
S.W.3d 557, 563 (Tex. Crim. App. 2008). 
This is particularly so when the defense makes its opening statement
immediately after the State’s opening statement, because in that situation “the
State may reasonably rely on this defensive opening statement as to what
evidence the defense intends to present and rebut this anticipated defensive
evidence during its case-in-chief as opposed to waiting until rebuttal.”  Id.
at 563 n.7.  The key inquiry is “whether
the extraneous-offense evidence has noncharacter-conformity relevance by, for
example, rebutting a defensive theory or making less probable defensive
evidence that undermines an elemental fact.” 
Id. at 563 n.8.  Nevertheless, relevant evidence may still be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice.  Tex. R. Evid. 403; see Casey, 215 S.W.3d at 879; Swarb,
125 S.W.3d at 681. 

III.          
Analysis

Dickson was indicted for attempted
burglary of a habitation with intent to commit theft.  A person commits burglary of a habitation
“if, without the effective consent of the owner, the person enters a habitation
. . . with intent to commit a felony, theft, or an assault.”  Tex.
Penal Code Ann. § 30.02(a)(1).  “Where the charge is burglary with intent to
commit theft, the offense is complete if the entry is made with the requisite
intent, regardless of whether a theft is actually committed.”  Martinez
v. State, 304 S.W.3d 642, 658 (Tex. App.—Amarillo 2010, pet. ref’d).  Thus, intent to commit theft was a necessary
element of crime for which Dickson was charged. 
See McGee v. State, 923 S.W.2d
605, 608 (Tex. App.—Houston [1st Dist.] 1995, no pet.) (“Intent, as an
essential element of burglary, must be proved by the State beyond a reasonable
doubt; it may not be left simply to speculation and surmise.”).

Dickson’s counsel made his opening
statement immediately after the State’s opening statement.  In it, he argued that Dickson was merely
trespassing and neither attempted nor intended to commit theft or enter the
house.  In doing so, he placed Dickson’s
intent at issue.  See Bass, 270 S.W.3d at 563.

The State offered the evidence
regarding the theft of the Lincoln Navigator to rebut Dickson’s theory that he
was merely trespassing and lacked intent to commit burglary.  The theft of the Lincoln Navigator, which
involved a burglary to obtain the keys, occurred in the same neighborhood and
within hours of the instant offense.  The
key found in Dickson’s pocket started the Navigator, which was the subject of
the suspicious vehicle report made earlier that morning in the same
neighborhood.  The owner of the Navigator
testified that his wife ordinarily kept the keys on a table inside the house
and had left the door unlocked that night. 
Thus, it is at least subject to reasonable disagreement whether the
testimony pertaining to the theft of the Navigator, specifically the fact that
its keys had to be obtained in the course of a burglary, was probative and
admissible on the issue of whether Dickson was merely trespassing or intended
to commit theft or burglary in the instant case.  See
id. at 563 & nn.7 & 8; Linder v. State, 828 S.W.2d 290, 294
(Tex. App.—Houston [1st Dist.] 1992, pet. ref’d) (“Intent may be inferred from
the defendant’s conduct and surrounding circumstances.”); Martinez, 304 S.W.3d at 658 (holding that trial court did not err
in admitting evidence of earlier burglary in trial for later attempted burglary
when earlier burglary was near in time and location and probative of
defendant’s intent). 

We conclude that the trial court
did not abuse its discretion to decide the evidence had relevance apart from
character conformity and was therefore admissible.  See
Bass, 270 S.W.3d at 563 & nn.7
& 8; Casey, 215 S.W.3d at
879.  

IV.          
Conclusion

We overrule Dickson’s sole issue, and we affirm the
judgment of the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do not
publish.   Tex. R. App. P. 47.2(b).