COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JASON MENEFEE, | § | No. 08-08-00176-CR |
| Appellant, | § | Appeal from the |
| V. | § | 109th District Court |
| THE STATE OF TEXAS, | § | of Andrews County, Texas |
| Appellee. | § | (TC# 5054) |
| | § | |
| | § | |

## **O P I N I O N**

Appellant was convicted of assault causing bodily injury with prior family violence conviction following a jury trial. He was sentenced to 20 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. On appeal, he raises a single issue challenging the admission of evidence related to another assault. We affirm.

Tracy Ibarra and her children began living with Appellant in March of 2007, after the couple had been dating for approximately one month.[1] Early in the afternoon on August 20, 2007, Ms. Ibarra, her children, and Appellant were at home together. Appellant indicated that he was hungry, and when Ms. Ibarra asked the children, they told her they were not hungry because they had already eaten. According to Ms. Ibarra, Appellant then grabbed her eldest son, picked him up off the ground, and started hitting the boy. The other two children ran to hide. Ms. Ibarra moved toward Appellant and told him to leave her son alone. She asked Appellant why he was

---

[1] Ms. Ibarra had three children, two sons and one daughter.

hitting her son. Appellant replied that the boy was, "getting smart with him." Appellant then lifted the boy over his head and dropped him on the floor.

At that point, Ms. Ibarra began fighting with Appellant. Appellant turned and grabbed Ms. Ibarra by the arm and threw her down in a chair. Appellant jumped on top of Ms. Ibarra and hit her numerous times. Ms. Ibarra's daughter collected her brothers and took them outside the house. When Ms. Ibarra broke free from Appellant, she followed the children outside. Appellant also came out of the house and threw a large child's toy at Ms. Ibarra. Then Appellant began removing Ms. Ibarra's and the children's things from the house and throwing them in her car.

Ms. Ibarra went back in the house and called the police. Sergeant Brandi Schulze, of the Andrews Police Department, responded to the call. When the sergeant arrived, she found Ms. Ibarra upset and crying. She was loading things into a car when Sergeant Schulze began to talk to Ms. Ibarra. Moments later, Appellant came out of the house yelling and acting in a generally hostile manner. The Sergeant observed marks on Ms. Ibarra's arms, side, and back. The children seemed very timid and scared. Inside the house, the Sergeant saw the room was out of order and things were scattered on the floor.

Appellant was indicted for assaulting Ms. Ibarra. The indictment included two enhancement paragraphs; one for a prior domestic violence offense, and a second stating Appellant was previously convicted of possession of a controlled substance. Appellant was convicted by a jury of assault causing bodily injury with prior family violence conviction on April 22, 2008. On appeal, Appellant raises a single issue challenging the trial court's admission of several photographs, Ms. Ibarra's medical records, and the testimony regarding Appellant's assault of Ms. Ibarra's eldest son.

In Issue One, Appellant argues, in part, that the trial court erred by admitting evidence that Appellant assaulted Ms. Ibarra's eldest son because the State did not give Appellant notice pursuant to Texas Rule of Evidence 404(b) of its intent to use evidence of an extraneous offense.[2] Appellant additionally argues that the evidence was admitted in violation of Texas Rule of Evidence 403 as it was more prejudicial than probative.

The admissibility of evidence is within the discretion of the trial court and will not be overturned absent an abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex.Crim.App. 2003). So long as the trial court's ruling lies within the zone of reasonable disagreement, the appellate court should affirm. *Id*.

Under the Texas Rules of Evidence 404(b), evidence of other crimes, wrongs, or acts is not admissible "to prove the character of a person in order to show action in conformity therewith." TEX.R.EVID. 404(b). However, it may be admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *De La Paz v. State*, 279 S.W.3d 336, 342-43 (Tex.Crim.App. 2009). These exceptions are neither mutually exclusive nor collectively exhaustive. *Id*. at 343. The rule excludes only that evidence that is offered solely for the purpose of proving bad character and conduct in conformity with that character. *Id*.

"Same transaction contextual evidence" is evidence reflecting the context in which a

---

[2] Appellant also makes passing reference to "[s]imilar objections [that] were lodged by defense counsel to photo evidence and evidence regarding the medical records of Tracy Ibarra." There is no further discussion regarding the admissibility of this evidence in the brief. Accordingly, Appellant has waived these arguments, and they are overruled. *See* TEX.R.APP.P. 38.1(h)(an appellant's brief must contain clear and concise arguments for the contentions made, with appropriate citations to legal authority and the record).

criminal act occurred. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000). It is a recognition that events do not occur in a vacuum, and a jury has a right to hear what occurred immediately before and after the offense in order to realistically evaluate the evidence. *Id*. Extraneous offenses may be admissible as same transaction contextual evidence when, "'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction.'" *Prible v. State*, 175 S.W.3d 724, 731-32 (Tex.Crim.App.), *cert. denied*, 546 U.S. 962, 126 S.Ct. 481, 163 L.Ed.2d 367 (2005). This type of evidence results when an extraneous matter is so intertwined with the State's proof of the charged offense that avoiding reference to it would make the State's case difficult to understand or incomplete. *Id*. at 732. The State is not required to give notice of its intent to introduce same transaction contextual evidence. *See* TEX.R.EVID. 404(b)(upon timely request, State is required to give notice of its intent to introduce during its case-in-chief, extraneous offense evidence other than that arising in the same transaction).

The evidence at trial indicated that Appellant's abuse of Ms. Ibarra's eldest son lead to the altercation between Appellant and Ms. Ibarra. Without the evidence of Appellant's treatment of the boy, the jury would have had an incomplete picture of the circumstances precipitating Appellant's assault of Ms. Ibarra. We conclude the evidence was admissible as same transaction contextual evidence because the events are so interwoven that avoiding reference to Appellant's abuse of the boy would make the State's case difficult to understand and incomplete. *See Retana v. State*, 2007 WL 1098287 (Tex.App.--El Paso 2007, pet. ref'd)(not designated for publication). Consequently, the State was not required to give notice under Rule 404(b). Because the evidence of Appellant's assault on Ms. Ibarra's son was admissible, the trial court did not abuse its

-4-

discretion by overruling Appellant's objection.

Under Texas Rule of Evidence 403, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. TEX.R.EVID. 403. A Rule 403 analysis by the trial court should include, but is not limited to, the following considerations: (1) the probative value of the evidence; (2) the potential of the evidence to impress the jury in some irrational, indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex.Crim.App. 2004). Although a trial court must still perform a balancing test to see if the same transaction contextual evidence's probative value is substantially outweighed by its prejudicial effect, the prejudicial nature of contextual evidence rarely renders such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction. *Swarb v. State*, 125 S.W.3d 672, 681 (Tex.App.--Houston [1st Dist.] 2003, pet. dism'd).

We have already concluded that the State had a need to introduce this evidence. The record does not show that the evidence of Appellant's treatment of Ms. Ibarra's son had the potential to impress the jury in some irrational, indelible way. Further, any arguable prejudice suffered by Appellant by the introduction of the evidence does not rise to the level of substantially outweighing the evidence's probative value in providing context for the charged offense.

Appellant also argues that the trial court abused its discretion by failing to articulate the balancing process in reference to the Rule 403 objection on the record. However, as this Court has previously stated, "a trial court is not . . . required to conduct a separate hearing on the

matter, or even to announce on the record that it is mentally balancing" the probative value versus the prejudicial nature of the evidence. *See Franco v. State*, 25 S.W.3d 26, 28 (Tex.App.-- El Paso 2000, pet. ref'd). Therefore, we conclude the trial court did not abuse its discretion by overruling the Rule 403 objection and Issue One is overruled.

Having overruled Appellant's sole issue presented for review, the trial court's judgment is affirmed.


October 28, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)