Opinion issued December 3, 2009 


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-09-00084-CR
NO. 01-09-00085-CR
__________
 
THOMAS ELTON MCDONNEL, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1131352 & 1131353
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Thomas Elton McDonnel, guilty of the offenses of
aggravated sexual assault of a child


 and indecency with a child


 and assessed his
punishment at confinement for life and a $10,000 fine and confinement for twenty
years and a $10,000 fine, respectively. In two issues, appellant contends that he
received ineffective assistance of counsel and that the State “erred during final
argument by addressing jurors personally and commenting on appellant’s failure to
testify.”  
          We affirm.  Factual BackgroundThe mother of the complainant testified that she had had a long-term affair with
appellant, who was a family friend and possibly the father of the complainant, who
was thirteen years old at the time of trial. After she divorced her husband, the
complainant’s mother began allowing the complainant to visit appellant at his home,
and appellant and the complainant began having frequent visits and frequent
communications. At some point after these visits, the complainant’s behavior
changed and the complainant eventually stopped seeking contact with appellant. The
complainant’s mother became worried about the complainant’s behavior, and she
confided to the complainant that she had been sexually assaulted as a child. The
complainant then admitted to her mother that appellant had been touching “his
private” to the complainant’s “private,” and the complainant began crying. Her
mother then called law enforcement authorities and took the complainant to the
Children’s Assessment Center, where the complainant was interviewed. 
          The complainant testified that when she was eleven-years old, appellant
babysat her, gave her a “total bath,” and touched every part of her body. Although
she did not tell anyone about the incident, she thought the contact was inappropriate. 
Later on, after the complainant started visiting appellant at his house, appellant began
touching her “private parts.” She explained that appellant would stick his penis into
her “private” and then go into the bathroom and wipe himself off. Appellant told the
complainant that she was not big enough and that “he needed to stretch” her. 
Appellant would also put his mouth on her chest and on her private. When the
complainant refused to perform oral sex on appellant, appellant would make the
complainant touch his penis. Eventually, the complainant began making excuses to
avoid going to appellant’s house, and she subsequently told her mother that appellant
was sexually assaulting her. 
Ineffective Assistance
          In his first issue, appellant argues that he received ineffective assistance of
counsel because his trial counsel “failed to investigate the case to learn of allegations 
of appellant’s sexual proclivity to young girls” and “elicited evidence of an
extraneous offense” and of appellant’s “deviant sexual desire.”
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Strickland generally requires a two-step analysis in which an appellant
must show that (1) counsel’s performance fell below an objective standard of
reasonableness, and (2) but for counsel’s unprofessional error, there is a reasonable
probability that the result of the proceedings would have been different. Id. at
687–94, 104 S. Ct. 2064–2068; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). A reasonable probability is a “probability sufficient to undermine
confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. In
reviewing counsel’s performance, we look to the totality of the representation to
determine the effectiveness of counsel, indulging a strong presumption that his
performance falls within the wide range of reasonable professional assistance or trial
strategy. Thompson, 9 S.W.3d at 813. The record must affirmatively support the
alleged ineffectiveness. Id.
          Appellant’s ineffective assistance complaint primarily arises from the
following exchange when his trial counsel inquired into whether the complainant had
told one of her friend’s about the sexual assaults:
[Trial counsel]:                Did you tell the interviewer that you had told
[your friend] about this situation at the time? 
 
[The complainant]:          I did not tell [my friend] about the situation. 
I told her—she had come over to my house
one day and [appellant] was over there and
there was a chair and we had sat in his lap and
he had gotten hard and told me later on that
he was hard while she was sitting in his lap. 
I went to school and I said, There is
something you need to know. He got hard
when we were—when you were sitting on his
lap. 
 
[Trial counsel]:                Okay. So that’s the only thing you told [your
friend]. You did not tell her anything else?
 
[The complainant]:          Yes. That’s the only thing I told her.
 
          Appellant asserts that, through these two questions, his trial counsel
“introduced evidence of extraneous sexual misconduct and pedophelia.” Appellant
further asserts that either his trial counsel “should have prepared enough to know that
allegation that appellant ‘got hard,’” and appellant complains that there is “no
plausible trial strategy to justify eliciting” this evidence. 
          At the beginning of her cross-examination of the complainant, appellant’s trial
counsel’s stated her clear intent to limit the cross-examination to prior inconsistent
statements to avoid opening the door to extraneous offenses. The record reflects that,
in asking the above questions, appellant’s trial counsel was inquiring into possible
inconsistencies about to whom the complainant had reported appellant’s sexual
assaults. The complainant’s response was unsolicited and non-responsive to the
question posed by appellant’s trial counsel.


 
          Regarding his assertion that his trial counsel failed to properly investigate the
case and failed to interview potential witnesses, appellant does not refer us to any
evidence in the record. Appellant also does not specifically identify any evidence of
other steps that appellant’s trial counsel failed to take in conducting her investigation
of the case that would have resulted in counsel’s learning of the complainant’s
allegations that appellant had become “hard” when she and one of her friends had sat
upon appellant’s lap. 
          Accordingly, we hold that appellant has not demonstrated that his trial
counsel’s actions fell below an objective standard of reasonableness and that
appellant has not satisfied Strickland’s first prong.
          We overrule appellant’s first issue.
Improper Jury Argument
          In his second issue, appellant argues that the “State erred” in its final argument
because it addressed jurors personally and commented on his “failure to testify.” 
          Appellant first complains that the State asked the jurors “to place themselves
in the role of the father to the complainant” when it made the following argument:
          [State]:                             Remember when [the complainant] talked to
us about the bathroom incident, it could be
construed either way, but logic tells
us—remember I told you in opening
statement that it was him testing the waters
. . . A man who had just come into basically
her life as the father, . . . does it even make
sense that he’s going to be washing her body
at the age of 11?
 
Fathers, have ya’ll ever watched your
daughters at the age of 11? Those of us who
have daughters at the age of 11? Those of us
who have children—
 
          [Appellant’s counsel]:     Objection, Your Honor, addressing the
individuals.
 
          [Trial Court]:                   Sustained. You may continue.
 
Appellant also complains that the State improperly commented on his “silence at
trial” when it made the following argument:
          [State]:                             . . . But we all know that this occurs behind
closed doors . . . . 65 people out there, 24
people raised their hand and said, it happened
to me or a family member. With all due
respect to [my co-counsel], some of ya’ll did
not learn about sexual assault this week from
the defendant and I know that.
 
          [Appellant’s counsel]:     Objection. Again he’s addressing individual
jurors.
 
          [Trial court]:                    I don’t think that’s the case.
 
           Proper jury argument is limited to (1) summation of the evidence presented at
trial, (2) reasonable deductions from that evidence, (3) answers to opposing counsel’s
argument, and (4) pleas for law enforcement. Jackson v. State, 17 S.W.3d 664, 673
(Tex. Crim. App. 2000); Swarb v. State, 125 S.W.3d 672, 685 (Tex. App.—Houston
[1st Dist.] 2003, pet. dism’d). To determine whether a party’s argument properly falls
within one of these categories, we must consider the argument in light of the entire
record. Swarb, 125 S.W.3d at 685. 
          To preserve error regarding allegedly improper jury argument, a party must
both object and pursue the objection to an adverse ruling. Archie v. State, 221
S.W.3d 695, 699 (Tex. Crim. App. 2007). In regard to appellant’s first complaint, the
State concedes that the comment to the individual jurors does not fall within one of
the four permissible categories of jury argument. However, as the State notes,
appellant objected to the comment, and the trial court sustained the objection.
Appellant did not request an instruction to disregard or move for a mistrial, and he
thus failed to preserve this complaint for our review. See Cook v. State, 858 S.W.2d
467, 473 (Tex. Crim. App. 1996) (holding that to preserve error for appeal, defendant
must obtain an adverse ruling by objecting, requesting an instruction to disregard, or
moving for a mistrial). This is because “[i]t is well settled that when appellant has
been given all the relief he requested at trial, there is nothing to complain of on
appeal.” Id.
          In regard to appellant’s second complaint, “[i]t is settled law that neither the
trial judge nor the prosecution may comment on the defendant’s failure to testify, and
that any such comment violates the Fifth Amendment privilege against
self-incrimination.” Cruz v. State, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). A
statement constitutes a comment on a defendant’s failure to testify if “the language
used was manifestly intended or was of such a character that the jury would
necessarily and naturally take it as a comment on the defendant’s failure to testify.”
Busby v. State, 253 S.W.3d 661, 666 (Tex. Crim. App. 2008). Any challenged
argument should be looked at in its full context based on what it would necessarily
and naturally mean to a jury. Cruz, 225 S.W.3d at 549. 
          In reviewing the full record, it is clear that the prosecutor’s comment, made in
the State’s rebuttal argument, that he knew that some of the jurors had “not learn[ed]
about sexual assault this week from the defendant,” addressed a previous comment
made by another prosecutor, in the State’s opening argument, that the jurors had not
been familiar with the offense of aggravated sexual assault before the trial.
Specifically, the first prosecutor, in the State’s opening argument, stated,
          . . . .Monday the 12 of you walked into this courtroom when we
started picking this jury, and, hopefully, for many of you, you probably
didn’t have a picture of what child sexual abuse is. . . .
 
          But, quite honestly, the 12 of you didn’t have a true picture of
what child sexual abuse was. Although you may not have thought it was
the creepy man in the trench coat luring kids into the van, you probably
didn’t have a true picture. I hope for your sake that you did not.
 
           The second prosecutor, in the State’s rebuttal argument, made the challenged
comments as a follow-up and to correct the first prosecutor’s prior comment
suggesting that all of the jurors had been unfamiliar with the criminal offense of
sexual assault prior to their experience as jurors. Accordingly, we hold that the State
did not improperly comment on the defendant’s failure to testify.
          We overrule appellant’s second issue.
 
 
 
 
 
Conclusion
          We affirm the judgments of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. See Tex. R. App. P. 47.2(b).