COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






JAMES RANDALL DOWNS,

                                    Appellant,

v.

THE STATE OF TEXAS,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00069-CR

Appeal from
 143rd District Court

of Ward County, Texas

(TC # 08-05-04962-CRW)



 

 

 





O P I N I O N

            James Randall Downs was charged by indictment with the offense of aggravated kidnaping.



Appellant pled not guilty to the indictment. A jury found him guilty and assessed his punishment
at life imprisonment. For the reasons that follow, we affirm.
FACTUAL BACKGROUND
            Appellant was accused of sexually assaulting Karen Edwards (a pseudonym), a child younger
than fourteen years of age, by causing her anus to contact his sexual organ. The indictments also
alleged two prior felony convictions for enhancement. Appellant filed a motion in limine prior to
trial seeking notice of the State’s attempt to introduce evidence of other crimes, wrongs, or bad acts
committed by him. 
            At the hearing on the motion in limine, the State argued that ten-year-old Karen and the five-year-old victim involved in two other indictments were kidnapped and assaulted together during the
same transaction and that evidence would be admissible as to all of the offenses. The court ruled
that the State would have to restrict the evidence to prove the offenses that were the subject of the
trial and not offer evidence as to the Appellant’s conduct toward the other alleged victim. The State
argued that the offenses were intertwined and the resulting DNA specimens were mixed together
such that the facts were so commingled as to make it necessary to show all of the offenses. The court
disagreed. 
            During opening statements, the State mentioned to the jury that they would hear that
Appellant took off his clothes and told the two girls to remove their clothing. Defense counsel asked
to approach and argued that the prosecutor violated the court’s order by interjecting an extraneous
offense into the case. Counsel asked for an instruction to disregard and moved for mistrial. The
court cautioned the State, but denied counsel’s requests.
            Karen testified that Appellant was kissing Tae, the second minor. Defense counsel objected
again and argued that it was an extraneous offense not charged in the case. Appellant renewed his
request for an instruction to disregard and moved for mistrial. The court cautioned the State not to
pursue this line of questioning but overruled the objection. Karen also testified that Appellant told
her and Tae to take their clothes off. Appellant objected, arguing that it was testimony of an
extraneous offense of disrobing an under-aged child. For the third time, Appellant unsuccessfully
asked for an instruction to disregard and moved for mistrial. The prosecutor attempted to ask Karen
if Appellant wanted to do anything with his “middle spot.” Appellant objected as to extraneous
offense and the court sustained this objection. Finally, Karen testified that Appellant told her and
Tae that if they “told,” he would kill them. Appellant objected that evidence of the threat would
constitute an extraneous offense. The court overruled the objection. 
            During the testimony of Alejandro Luna, the court admonished the State that the witness was
testifying to extraneous matters by mentioning that there were multiple victims. The defense moved
for a mistrial and the court overruled it. Appellant also objected to the testimony of Brad Mullins. 
Mullins testified that there were two sexual assault kits submitted to him. The prosecutor responded
that he would “clear it up” and the court requested it be done outside the presence of the jury. 
            Appellant also objected during the testimony of Cory Armstead, who testified to the results
of Karen’s genitalia examination. Appellant argued that any other medical testimony not strictly
regarding the victim’s anus would constitute evidence of extraneous offenses. The court agreed. 
Christine Ceniceros testified that she found semen on the vaginal swab during her analysis of State’s
Exhibit 14. Appellant objected that she was getting into extraneous offenses. The court instructed
the jury to disregard the answer. 
EXTRANEOUS OFFENSE
            In his sole point of error, Appellant complains that the trial court erred in allowing extensive
testimony from the State’s witnesses regarding evidence of other crimes, wrongs, or bad acts
committed by Appellant. He contends that the prosecutor knowingly introduced evidence of the
second victim only to prejudice the jury and to show that Appellant acted in conformity with such
character.
 

Standard of Review
            We review a trial court’s decision regarding the admissibility of evidence for an abuse of
discretion. Rodriguez v. State, 203 S .W.3d 837, 841 (Tex.Crim.App. 2006). This standard requires
an appellate court to uphold a trial court’s decision to admit evidence when that decision is within
the zone of reasonable disagreement. Id. An appellate court would misapply the appellate abuse of
discretion standard of review to reverse a trial court’s admissibility decision solely because the
appellate court disagreed with it. Id.; see also Robbins v. State, 88 S.W.3d 256, 259-60
(Tex.Crim.App. 2002).
Same Transaction Contextual Evidence
            Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person
to show action in conformity therewith. Tex.R.Evid. 404(b). But it may be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation, plan, or knowledge. Id. For
evidence of other crimes to be admissible, it must be relevant for a purpose other than to show the
character of a person and that he acted in conformity with it. See Tex.R.Evid. 404(b). 
            “Same transaction contextual evidence” is evidence that reflects the context in which a
criminal act occurred. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex.Crim.App. 2000). To be
admissible under Rule 404(b), same transaction contextual evidence must be necessary to the jury’s
understanding of the offense. Id. at 115. Thus, necessity is the “other purpose” for which same
transaction contextual evidence is admissible. Rogers v. State, 853 S.W.2d 29, 33 (Tex.Crim.App.
1993). Necessity may exist either because: (1) several offenses are so intermixed or connected as
to form a single, indivisible criminal transaction, such that in narrating one, it is impracticable to
avoid describing the other; or (2) the same transaction contextual evidence tends to establish some
evidentiary fact, such as motive or intent. McDonald v. State, 148 S.W.3d 598, 602 (Tex.App.-- 
Houston [14th Dist.] 2004), aff’d by 179 S.W3d 571 (Tex.Crim.App. 2005).
            Here, the evidence involving the second minor was necessary to the jury’s understanding of
the offense and was admissible as “same transaction contextual evidence.” The offenses involving
both children were so intermixed or connected as to form a single, indivisible criminal transaction,
and it would be impracticable to avoid describing one when narrating the other. Because the 
evidence was admissible, we perceive no abuse of discretion.
Rule 403 Analysis
            Relevant evidence may nevertheless be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice. Tex.R.Evid. 403. An analysis by the trial court
should include, but is not limited to, the following considerations: (1) the probative value of the
evidence; (2) the potential of the evidence to impress the jury in some irrational, indelible way; (3)
the time the proponent needs to develop the evidence; and (4) the proponent’s need for the evidence. 
Erazo v. State, 144 S.W.3d 487, 489 (Tex.Crim.App. 2004). Although a trial court must still
perform a balancing test to see if the same transaction contextual evidence’s probative value is
substantially outweighed by its prejudicial effect, the prejudicial nature of contextual evidence rarely
renders such evidence inadmissible, as long as it sets the stage for the jury’s comprehension of the
whole criminal transaction. Mann v. State, 718 S.W.2d 741, 744 (Tex.Crim.App. 1986); Swarb v.
State, 125 S.W.3d 672, 681 (Tex.App.--Houston [1st Dist.] 2003, pet. dism’d).
            The record does not establish that the evidence involving the second child had the potential
to impress the jury in some irrational, indelible way. Testimony concerning the second minor was
limited and the State was consistently cautioned by the trial court. Nor does the record demonstrate
that the probative value of the evidence was substantially outweighed by the danger of unfair
prejudice. We overrule the sole point and affirm the judgment of the trial court. 

August 4, 2010                                                            
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)