**Opinion issued December 5, 2017**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-16-00917-CR**

**NO. 01-16-00918-CR**

**NO. 01-16-00919-CR**

————————————

**QUINCY NIEGBE DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case Nos. 14-07-14758, 14-07-14759. 14-07-14760**

---

**MEMORANDUM OPINION**

A jury convicted appellant, Quincy Niegbe Davis, of two counts of the third-

degree felony offense of assault on a public servant and one count of the first-degree

felony offense of possession with intent to deliver between four and two hundred grams of a controlled substance, cocaine.[1]  After finding the allegations in two enhancement paragraphs true, the trial court assessed appellant's punishment at sixty years' confinement for each offense, to run concurrently.[2]  In two issues, appellant contends the trial court erred in admitting evidence that he appeared to be under the influence of phencyclidine, or PCP, at the time of the charged offenses and might have exposed one of the arresting officers to PCP because (1) the State failed to provide reasonable notice of this extraneous offense to permit him time to prepare a defense and (2) the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

We affirm.

---

[1]   *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West Supp. 2016) (assault on a public servant); TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (West 2017) (possession with intent to deliver between four and two hundred grams of controlled substance in penalty group one); *id.* § 481.102(3)(D) (West 2017) (listing cocaine as penalty group one substance).

[2]   The offense of assault on Officer C. Salinas was tried in trial court cause number 14-07-14758 and resulted in appellate cause number 01-16-00917-CR.  The offense of possession with intent to deliver a controlled substance was tried in trial court cause number 14-07-14759 and resulted in appellate cause number 01-16-00918-CR.  The offense of assault on Officer W. Hall was tried in trial court cause number 14-07-14760 and resulted in appellate cause number 01-16-00919-CR.

## Background

### A. *Factual Background*

On the night of May 2, 2014, former Brookshire Police Department Officer W. Hall received a dispatch concerning a physical disturbance in progress. The dispatch informed Officer Hall that a black man was dragging a white woman into a vehicle at the intersection of Gassner Road and Kellner Road in Brookshire. Officer Hall did not find a vehicle at the scene, but he did speak with a man who was standing outside a house at that location. This man informed Officer Hall that he was looking for Quincy Davis, appellant, who could be found at the Brook Hotel in Brookshire. The man also gave Officer Hall a physical description of appellant, describing him as a tall, heavier-set black male.

Officer Hall, accompanied by Officer C. Salinas, who was driving a separate patrol car, arrived at the Brook Hotel. Officer Hall immediately saw a black male, matching the description that he had been given of appellant, walking past his patrol unit towards the hotel lobby. Appellant was carrying a couple of objects, including a respirator, in his hands at the time. Officer Hall asked appellant his name, and appellant responded, "Quincy." Officer Hall then told appellant to drop the items in his hands, turn around, and get onto his knees. Appellant acted as if he were going to comply, but he then started running through the Brook Hotel complex.

During the ensuing chase, appellant ran into an alleyway, but he hit his shoulder on a fence, which slowed him down enough for Officer Hall to catch him. Officer Hall tried to take appellant to the ground, but appellant, who was taller and heavier than Hall, turned around and punched Hall in the mouth with a closed fist. Officer Hall struck appellant in response, but this "didn't seem to daze him," and appellant started running again. After another chase, Officers Hall and Salinas again caught up to appellant, and appellant punched Hall in the mouth a second time and also punched Salinas in the chest and her right arm.

Officer Hall testified that, by this point in his encounter with appellant, he was afraid for his life because he was "trying to fight a guy who's highly aggressive," who was "much bigger than" him, and whom he had punched to no apparent effect. He stated that it was unusual that appellant was not showing any signs of pain, and he testified that, in his experience, "people that don't show pain, people that are highly aggressive, that are showing very violent tendencies, and Mr. Davis at this time is sweating profusely . . . Typically, a subject that's showing those signs is, through my experience, under the influence of phencyclidine or PCP."

With the thought in mind that appellant was possibly under the influence of PCP, Officer Hall pulled out his baton and struck appellant twice, hitting him on the back of the shoulder and on the head. Appellant did not react to these strikes, and he again behaved as though he had felt no pain. Appellant tried to run once more,

4

but his pants had fallen down to around his knees, which tripped him and made him fall to the ground. Appellant was still uncooperative and very aggressive, but Officers Hall and Salinas were finally able to place appellant in custody at that time.

Officer F. House arrived on the scene at the time Officer Hall had appellant pinned to the ground. Officer House searched appellant after his arrest and discovered, in appellant's pants pockets, two bags containing what appeared to be crack cocaine and $2,400 in cash.[3] He testified that the amount of drugs and cash was indicative of a drug seller, not a drug user. Officer House also testified that respirators such as the one appellant had been holding at the time he first encountered Officer Hall are commonly used when cocaine is being mixed with a dilutant.

Because Officer Hall believed that appellant was under the influence of PCP, which can affect others by skin-to-skin contact, he decided to go to the restroom in the hotel lobby to wash his hands. As he walked out of the restroom, he passed out. Other officers contacted EMS, and while Officer Hall was en route to the hospital, he vomited several times. Officer Hall, Officer Salinas, and appellant were all transported to the hospital to treat the injuries they each sustained in the altercation.

---

[3]     Rachel Aubel, a forensic scientist with the Texas Department of Public Safety Crime Lab, testified that one bag contained 26.05 grams of cocaine and the second bag contained 1.61 grams of cocaine.

5

**B.** *Procedural Background*

The State indicted appellant for three offenses, including two counts of assault on a public servant. One of these indictments alleged that appellant caused bodily injury to Officer Hall by striking him in the face with a closed fist. The other assault-on-a-public-servant indictment alleged that appellant caused bodily injury to Officer Salinas by striking her in the chest.

Appellant made a pretrial motion in limine concerning the admission of extraneous offenses. At a hearing, defense counsel argued that "[t]here is reference to whether or not my client exposed these officers to PCP" and that he had not been given notice of this extraneous offense, in violation of Rule of Evidence 404(b). Defense counsel also argued that this evidence was "highly prejudicial and inflammatory," in violation of Rule 403. The State argued that any reference to appellant's having ingested PCP on the night of the offenses and having potentially exposed Officer Hall to PCP constituted same-transaction contextual evidence and was also relevant to an element of a charged offense: bodily injury suffered by Hall. The State later argued that this evidence also "goes to [appellant's] state of mind at the time when he was actually fighting the officers and is relevant for those purposes." The trial court stated, "I'm not going to characterize it as an additional extraneous offense because I find that to be part of the case in chief of the State on

that particular offense." The trial court overruled appellant's objection, but granted defense counsel a running objection to any evidence related to PCP.

During defense counsel's cross-examination of Officer Hall, counsel offered, and the trial court admitted, appellant's medical records from the night of the incident. Defense counsel asked Officer Hall to read a portion of the records that indicated that the screens performed on appellant's blood at the hospital, including a screen for the presence of PCP, all tested negative.

On re-direct examination, the State asked Officer Hall to read another portion of appellant's medical records concerning appellant's history of present illness. This portion of the records reflected that appellant had stated to hospital personnel that he had taken "glass and wet" that evening. Officer Hall testified that "glass" refers to methamphetamine and "wet" refers to PCP.

The trial court included the following instructions in the jury charge:

The State has introduced evidence of extraneous crimes or bad acts other than the ones charged in the indictments in this case. This evidence was admitted only for the purpose of assisting you, if it does, for the purpose of showing the defendant's motive, opportunity, intent, preparation, knowledge, or absence of mistake or accident, if any. You cannot consider the testimony unless you find and believe beyond a reasonable doubt that . . . these acts, if any, were committed.

You are further instructed if there is any evidence before you concerning alleged offenses of possession of a controlled substance other than the offense alleged in the indictment, such offense or offenses, if any, may only be considered if you believe beyond a reasonable doubt that the defendant committed such other offense or offenses, if any, and then you may consider said evidence for any

7

bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

The jury found appellant guilty of all three charged offenses. After finding the allegations in the enhancement paragraphs true, the trial court assessed appellant's punishment at sixty years' confinement for each offense, to run concurrently. This appeal followed.

## Admission of Evidence

In his first issue, appellant contends that the trial court erred in admitting evidence that he was possibly under the influence of PCP and that he may have exposed Officer Hall to PCP because this was an extraneous offense and the State failed to provide reasonable notice of this extraneous offense, in violation of Rule 404(b). In his second issue, appellant contends that the trial court erred in admitting this evidence because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, in violation of Rule 403.

## A. *Standard of Review*

We review a trial court's ruling on the admissibility of extraneous-offense evidence for an abuse of discretion. *Wilson v. State*, 473 S.W. 889, 899 (Tex. App.— Houston [1st Dist.] 2015, pet. ref'd) (citing *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009)). We will not reverse a trial court's ruling on an evidentiary matter unless the decision was "outside the zone of reasonable disagreement." *Id.*

8

at 899–900 (citing *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007)). We will not disturb the trial court's ruling if it can be justified on any theory of law applicable to the ruling. *Id.* at 900; *see also De La Paz*, 279 S.W.3d at 344 (stating that if trial court's evidentiary ruling is correct on any applicable theory of law, it will not be reversed even if court gave wrong reason for correct ruling).

## B. *Notice of Extraneous Offense Under Rule 404(b)*

Rule of Evidence 404(b) generally provides that evidence of a crime, wrong, or other act is not admissible to prove a person's character or to prove that on a particular occasion the person acted in conformity with that character. TEX. R. EVID. 404(b)(1). Extraneous offense evidence may, however, be admissible if it has relevance apart from character conformity. *See Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). Such evidence may be admissible to prove, for example, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. TEX. R. EVID. 404(b)(2); *Devoe*, 354 S.W.3d at 469. Rule 404(b)(2) also provides: "On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—*other than that arising in the same transaction*—in its case-in-chief." TEX. R. EVID. 404(b)(2) (emphasis added); *McDonald v. State*, 179 S.W.3d 571, 577 (Tex. Crim. App. 2005) ("An exception to the notice requirement [of Rule 404(b)] is when the evidence arises from the same

transaction [as the charged offense].”); *see also Worthy v. State*, 312 S.W.3d 34, 35 (Tex. Crim. App. 2010) (stating that “pretrial notice of ‘same-transaction contextual evidence’ is not required under Rule 404(b)”).

Evidence of another crime, wrong, or bad act may be admissible as same-transaction contextual evidence where “several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony . . . of any one of them cannot be given without showing the others.’” *Devoe*, 354 S.W.3d at 469 (quoting *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000)). The jury is entitled to know all relevant facts and circumstances of the charged offense. *Id.*; *King v. State*, 189 S.W.3d 347, 354 (Tex. App.—Fort Worth 2006, no pet.) (stating that purpose of same-transaction contextual evidence is not to show character conformity but is “to help the jury better understand the nature of the alleged crime”). “The jury has the right to hear evidence concerning events immediately prior and subsequent to the commission of the [charged] offense so that it may realistically evaluate the evidence.” *King*, 189 S.W.3d at 354 (citing *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000)).

Same-transaction contextual evidence “results when an extraneous matter is so intertwined with the State’s proof of the charged crime that avoiding reference to it would make the State’s case incomplete or difficult to understand.” *Prible v. State*,

175 S.W.3d 724, 732 (Tex. Crim. App. 2005). This evidence is admissible only when the charged offense would make little or no sense without also bringing in the contextual evidence, and it is admissible "only to the extent that it is necessary to the jury's understanding of the offense." *Devoe*, 354 S.W.3d at 469 (quoting *Wyatt*, 23 S.W.3d at 25).

The State argues that evidence of appellant's alleged use of PCP on the night of the offense—and the potential exposure of Officer Hall to PCP through skin-to-skin contact with appellant—constitutes same-transaction contextual evidence, and it was therefore not required to provide appellant with pretrial notice of this evidence under Rule 404(b)(2). We agree.

After receiving information that appellant, a possible suspect in an earlier physical disturbance, was staying at the Brook Hotel, Officers Hall and Salinas drove to this location, where they immediately saw a man matching appellant's physical description. Appellant gave his first name, which matched the name Officer Hall had been given, and Hall commanded him to drop what he was holding and get down on his knees. Instead of complying, appellant ran and a chase ensued. The officers caught up to appellant twice and exchanged blows, and Officer Hall testified that appellant did not appear dazed by receiving the blows—one from Officer Hall's fist and two from Officer Hall's baton—and that he instead appeared as though he had not felt any pain. Both officers described appellant's behavior as aggressive and

11

uncooperative. Officer Hall testified that, based on his training and experience, appellant's behavior was consistent with someone who was under the influence of PCP. After the officers caught appellant and placed him under arrest, Officer Hall was concerned that he had been exposed to PCP from touching appellant, and he washed his hands in the hotel restroom. Officer Hall passed out, vomited several times, and was transported to the hospital. Appellant's medical records, offered into evidence by appellant, reflected negative results on the drug screens taken that night, but they also indicated that appellant told hospital personnel that he had taken methamphetamine and PCP that evening.

The evidence that Officer Hall believed appellant was under the influence of PCP and may have exposed Hall to PCP was necessary to place the charged offenses—which included two counts of assault on a public servant, with Hall as one of the complainants—into context. Appellant argued at trial that Officers Hall and Salinas were inexperienced and "unseasoned" officers and that they "spooked" and "scared" him when they first approached him, which resulted in appellant's defending himself from the officers and engaging in "mutual combat." Appellant's possible use of PCP provides an explanation for his aggressive and unusual behavior and also helps rationalize the amount of force that Officer Hall, in particular, needed to expend to detain appellant. Furthermore, as the State argues, the potential exposure of Officer Hall to PCP, and his subsequent symptoms of loss of

consciousness and vomiting, were necessary to present to the jury the extent of Hall's injuries that he received during the encounter.

We conclude that the evidence of appellant's possible use of PCP and possible exposure of Officer Hall to PCP constituted same-transaction contextual evidence. *See Devoe*, 354 S.W.3d at 469; *Prible*, 175 S.W.3d at 732; *King*, 189 S.W.3d at 354. Because this evidence arose out of the same transaction as the charged offenses, the State was not required to provide pretrial notice of this evidence to appellant under Rule 404(b)(2). *See* TEX. R. EVID. 404(b)(2); *McDonald*, 179 S.W.3d at 577. We therefore hold that the trial court did not violate Rule 404(b) in admitting this evidence.

## C. *Rule 403*

Rule 403 provides that a trial court may exclude otherwise relevant evidence if the probative value of that evidence is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading of the jury, undue delay, or the needless presentation of cumulative evidence. TEX. R. EVID. 403. When conducting a Rule 403 analysis, a trial court must balance:

> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest [a] decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will

13

> consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). The prejudicial nature of same-transaction contextual evidence "rarely renders such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction." *King*, 189 S.W.3d at 354–55 (citing *Swarb v. State*, 125 S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd)). A trial court's decision not to exclude evidence based on a finding that the danger of unfair prejudice does not outweigh the evidence's probative value is entitled to deference. *See Wilson*, 473 S.W.3d at 900 (quoting *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

As we have already held, the evidence that appellant was possibly under the influence of PCP and may have exposed Officer Hall to PCP was necessary to provide context to two of the charged offenses—the assaults on Hall and Officer Salinas. Furthermore, because one of the charged offenses was an assault on Officer Hall, appellant's behavior surrounding that assault and the injuries and ill effects that Officer Hall suffered as a result of his encounter with appellant were relevant. This evidence therefore has probative value and the State had need of this evidence.

Appellant argues that the evidence of his PCP use and possible exposure of Officer Hall to PCP was "highly damaging," but he provides no argument for how this evidence tended to suggest a decision by the jury on an improper basis. "Rule

14

403 does not mandate the exclusion of all prejudicial evidence; rather, its narrow focus is on that evidence with the potential for *unfair* prejudice." *Maldonado v. State*, 452 S.W.3d 898, 904 (Tex. App.—Texarkana 2014, no pet.) (emphasis in original) (citing *Manning v. State*, 114 S.W.3d 922, 927–28 (Tex. Crim. App. 2003)). "The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *Manning*, 114 S.W.3d at 927–28 (quoting *Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990)). Contrary to appellant's assertion, there is little likelihood that, upon hearing that appellant was potentially under the influence of PCP, the jury decided the case on that basis instead of on the strong evidence that appellant assaulted both Officer Hall and Officer Salinas and possessed cocaine.

Appellant agrees that the State spent little time presenting the PCP-related evidence, but he argues that this evidence confused the issues, distracted the jury from deciding the charged offenses, and had a tendency to be given undue weight by a jury not equipped to evaluate the evidence. Although this case involved three charged offenses, none of the issues in this case were complex and the jury only heard from four witnesses over one day of testimony. Rather than distracting the jury from the charged offenses, the challenged evidence instead provided context for these offenses, helping explain appellant's unusual behavior, providing a possible

motive for appellant's assaults of the officers, and presenting a full picture of Officer Hall's injuries. Moreover, in response to the evidence of possible PCP usage, the trial court included an instruction in the jury charge that it should not consider extraneous offense evidence or evidence concerning an alleged offense of possession of a controlled substance "other than the offense alleged in the indictment" unless it believed beyond a reasonable doubt that appellant committed those offenses. Thus, the jury in this case was equipped to evaluate the evidence of PCP use and exposure.

This Court has previously held that the prejudicial nature of same-transaction contextual evidence "rarely renders such evidence inadmissible, as long as it sets the stage for the jury's comprehension of the whole criminal transaction." *Swarb*, 125 S.W.3d at 681. The evidence of appellant's possible PCP usage and possible exposure of Officer Hall to PCP serves that function in this case. We conclude that the trial court reasonably could have determined that the prejudicial effect of this evidence did not substantially outweigh its probative value, and we therefore hold that the trial court did not abuse its discretion in admitting this evidence. *See Gigliobianco*, 210 S.W.3d at 641–42; *Wilson*, 473 S.W.3d at 899–900.

We overrule appellant's first and second issues.

16

## Conclusion

We affirm the judgments of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).