

# NUMBER 13-23-00306-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JEREME PAUL NESLONEY,**                                                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF JACKSON COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Benavides**

Appellant Jereme Paul Nesloney was convicted of possession of methamphetamine, a third-degree felony enhanced by prior state jail felony convictions. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b); TEX. PENAL CODE ANN. § 12.425(a). The jury imposed a ten-year sentence of imprisonment. By a single issue, Nesloney argues that the trial court erred by permitting the State to introduce evidence of the

circumstances surrounding his daughter's arrest for possession of marijuana. We affirm.

## I.     BACKGROUND

At trial, Officer Keith Bradley McFadden of the Lavaca Navidad River Authority testified that he responded to a report of a suspicious person in Brackenridge Park on September 26, 2022. During his investigation of the report, Officer McFadden observed a "white Mercury Grand Marquis" that was blocking a boat ramp. Officer McFadden approached the vehicle, and "immediately smelled the odor of marijuana." He also observed in plain view "[w]hat initially appeared to [b]e . . . loose tobacco and . . . marijuana roaches in the center ashtray."[1] Upon further investigation, Officer McFadden learned that Nesloney was in the driver's seat of the vehicle and Nesloney's daughter, T.A.N., was in the passenger seat of the vehicle.[2]

Officer McFadden asked Nesloney to exit the vehicle and after Nesloney complied, Officer McFadden began to search Nesloney's person. In Nesloney's "left front pants pocket," Officer McFadden discovered "a pipe with a clear baggy with what appeared to be methamphetamine." Officer McFadden placed Nesloney under arrest and conducted a search of the vehicle. During his search, he found "a used prescription bottle . . . . [that] contained marijuana" in a pocket attached to the driver's seat. Officer McFadden also

---

[1] Officer McFadden explained that "[a] roach is basically the last part of the marijuana cigarette or blunt."

[2] Because she was a minor at the time, on our own motion, we identify Nesloney's daughter by her initials. *See* TEX. R. APP. P. 9.8 cmt. ("The rule does not limit an appellate court's authority to disguise parties' identities in appropriate circumstances in other cases."); *id.* R. 9.10(a)(3) (providing that "[s]ensitive data" that must be redacted from court filings includes "the name of any person who was a minor at the time the offense was committed"); TEX. FAM. CODE ANN. § 101.003 (defining "minor").

conducted a search of T.A.N. but did not discover any contraband. However, Officer McFadden testified that T.A.N. was placed under arrest for possession of marijuana.

According to Officer McFadden, Nesloney asked why his daughter was being arrested. After Officer McFadden advised him that she was under arrest for possession of marijuana, Nesloney responded that "it was all his." Photographs of the recovered methamphetamine, marijuana, and other contraband were admitted into evidence. The trial court gave Nesloney a running objection to the photographs and Officer McFadden's testimony concerning the marijuana on the grounds that it was irrelevant, may confuse the jury, and was unnecessary.

Officer Jimmy Kaelin, also of the Lavaca Navidad River Authority, testified that he accompanied Officer McFadden during the investigation and subsequent stop at Brackenridge Park. Officer Kaelin testified that he also detected a strong odor of marijuana upon approaching Nesloney's vehicle. During cross, defense counsel questioned both officers on their familiarity with respect to the differences between marijuana and cannabidiol (CBD). And during closing argument, defense counsel asked the jury to consider whether the odor of marijuana gave the officers probable cause to search the vehicle, given that the odor could have emanated from legal CBD.

The jury found Nesloney guilty and sentenced him as described above. This appeal followed.

## II. EXTRANEOUS OFFENSE EVIDENCE

By his sole issue, Nesloney contends that the evidence of T.A.N.'s arrest for

3

possession of marijuana was improper extraneous offense evidence, as it suggested he contributed to his daughter's delinquency.

## A.      Standard of Review & Applicable Law

"Evidence of a crime, wrong, or act other than the offense charged is not admissible to prove that the defendant acted in conformity with his character but may be admissible for other purposes." *Inthalangsy v. State*, 634 S.W.3d 749, 756 (Tex. Crim. App. 2021). However, "evidence of the context of the offense [charged] is almost always admissible under the reasoning that events do not occur in a vacuum and the jury has a right to have the offense placed in its proper setting so that all evidence may be realistically evaluated." *Mann v. State*, 718 S.W.2d 741, 744 (Tex. Crim. App. 1986). Therefore, extraneous offense evidence may "be admissible as same-transaction contextual evidence where 'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony[ ]. . .[ ]of any one of them cannot be given without showing the others.'" *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (quoting *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000)); *see Pondexter v. State*, 942 S.W.2d 577, 584 (Tex. Crim. App. 1996) (providing that same-transaction contextual evidence "is an exception to Rule 404(b) and is thus admissible").

However, to be admissible, "same-transaction contextual evidence must be 'necessary to the jury's understanding of the offense' such that the charged offense would make little sense without the same-transaction evidence." *Inthalangsy*, 634 S.W.3d at 756

(quoting *Pondexter*, 942 S.W.2d at 584). The purpose of same-transaction contextual evidence is not to show that the charged offense and the same-transaction offense are part of a common scheme or that because the appellant committed the same-transaction offense, he must have committed the charged offense. *Swarb v. State*, 125 S.W.3d 672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd). Rather, "the purpose of admitting extraneous evidence as same transaction contextual evidence is to put the instant offense in context." *Id.*

"[A] trial court's ruling on the admissibility of extraneous offenses is reviewed under an abuse-of-discretion standard." *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *see Devoe*, 354 S.W.3d at 469. Under this standard, we do not reverse a trial court's decision unless it lies outside the zone of reasonable disagreement. *Dabney v. State*, 492 S.W.3d 309, 318 (Tex. Crim. App. 2016). "A trial court's 404(b) ruling admitting evidence is generally within this zone if there is evidence supporting that an extraneous transaction is relevant to a material, non-propensity issue." *Devoe*, 354 S.W.3d at 469. "Furthermore, if the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed even if the trial judge gave the wrong reason for his right ruling." *De La Paz*, 279 S.W.3d at 344.

**B.    Analysis**

The State argues that Nesloney waived any error, as his objections were not sufficiently specific. We will assume without deciding that error was preserved.

Nesloney compares this case to *Rogers v. State*, in which the court of criminal

appeals concluded that the same-context transactional evidence was not "necessary" to the jury's understanding of the charged offenses, and it was therefore improperly admitted. 853 S.W.2d 29, 34 (Tex. Crim. App. 1993). Indeed, in a vacuum, the facts of *Rogers* and the facts of Nesloney's case are similar. In *Rogers*, Houston police officers visited Rogers's home with an arrest warrant in connection with a burglary of a habitation. *Id.* at 31. Upon entering Rogers's home, officers observed him "pushing a package down between the cushions of the couch." *Id.* The officers recovered the package, which contained methamphetamine. *Id.* Rogers was placed under arrest, and the officers conducted a search of his residence, discovering marijuana in the process. *Id.* Rogers "informed the officers that the marijuana belonged to him." *Id.* He later signed a written confession, admitting to both selling and using marijuana and methamphetamine.[3] *Id.* Rogers was charged with burglary of a habitation and possession of methamphetamine, but he was not charged with possession of marijuana. *Id.* At trial, Rogers objected to the introduction of his confession and any testimony concerning the recovery of the marijuana. *Id.*

The court of criminal appeals ultimately concluded that, "[i]n narrating [Rogers]'s arrest for the instant offenses it would not have been impracticable to avoid describing

---

[3] Rogers's written confession specifically stated the following:

> I also have in my possession at my residence a quantity of marijuana approximately four ounces, I had put it in my mother's bedroom. I am a marijuana user and sell small quantities of it. I am also a methamphetamine dealer and sell quarter grams to finance my methamphetamine habit.

*Rogers v. State*, 853 S.W.2d 29, 31 (Tex. Crim. App. 1993).

the recovery of the marijuana and appellant's confessed use and sale of marijuana." *Id.* at 34. Therefore, because "the evidence concerning the marijuana was not 'necessary' to the jury's understanding of the offenses of burglary and possession of methamphetamine[,] [it] was therefore not admissible as same transaction contextual evidence under" Rule 404(b). *Id.*

However, in this case, Nesloney argued throughout trial that Officers McFadden and Kaelin did not have probable cause to stop Nesloney and search his person, and therefore, the resulting seizure of methamphetamine should have been disregarded. During the charge conference, Nesloney asked for and received the following instruction:

> If you believe, or have a reasonable doubt, that the evidence was obtained in violation of any provision of the Constitution or laws of the State of Texas or of the United States of America, then in such event, you shall disregard any such evidence so obtained.

*See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a).

Because of this, the possession of marijuana and possession of methamphetamine in this case were so interrelated that the facts surrounding the discovery of methamphetamine would have made little sense without the context of the discovery of marijuana. *See Prible v. State*, 175 S.W.3d 724, 732 (Tex. Crim. App. 2005). The odor and presence of marijuana were the facts giving rise to the officers' probable cause, rather than an unforeseen byproduct of a search for stolen goods, as in *Rogers*. *See* 853 S.W.2d at 31. And during cross, defense counsel attempted to discount this probable cause evidence by asking whether the officers could have confused legal CBD for illegal marijuana. Because the jury was tasked with making a probable cause

7

determination, the evidence of marijuana was necessary to aid them in their decision-making. *See Swarb*, 125 S.W.3d at 682 (holding that arrest warrant evidence relating to a separate offense was admissible as same-transaction contextual evidence as it "provided the jury with a context to show why [investigators] were searching for appellant, why they were at the location to come across appellant's truck, and how they found the methamphetamine located in appellant's truck").

Further, the court of criminal appeals in *Rogers* held that "omission of the objectionable portion of appellant's written confession would not have rendered the remaining portions of the confession confusing or questionable." *Rogers*, 853 S.W.2d at 34. But unlike in *Rogers*, Nesloney did not neatly divide his confession into individual components, distinct enough to omit one portion and admit another. *See id.* He did not state, for instance, like Rogers did, "I am a marijuana user and . . . . I am also a methamphetamine dealer," or something along those lines. *See id.* Here, Nesloney simply stated that "it was all his." Under *Rogers*, this confession would be admissible. *See id.* The State's purpose in introducing this evidence was to prove that Nesloney knowingly possessed methamphetamine; not that just the marijuana was his, "all" of the illicit substances were. *See Wyatt*, 23 S.W.3d at 26 (same transaction contextual evidence of sexual assault was admissible to prove intent in murder case); *Smith v. State*, 316 S.W.3d 688, 699 (Tex. App.—Fort Worth 2010, pet. ref'd). But Nesloney only provided this confession after learning about T.A.N.'s arrest. Therefore, the information pertaining to T.A.N.'s arrest was necessary to fully explain the instant offense. *See Prible*, 175 S.W.3d

8

at 732.

Nesloney argues that the "jury only needed to know that [he] was parked in the boat ramp, was removed from the vehicle, and was searched and arrested for contraband found in [his] pocket." The defendant does not generally have the power to pick and choose amongst the State's evidence, building the State's case as he sees fit. While this evidence may have been sufficient for a jury to convict Nesloney of the charged offense, it is not the only evidence demonstrating his guilt. The evidence surrounding the presence of marijuana, T.A.N.'s arrest, and his subsequent confession were all "relevant to a material, non-propensity issue." *See Devoe*, 354 S.W.3d at 469. Further, the evidence took little time to develop, was highly probative of intent, and the State needed it to combat Nesloney's theory that the officers did not have probable cause. *See Colone v. State*, 573 S.W.3d 249, 266–67 (Tex. Crim. App. 2019). We therefore conclude that the trial court's admission of this evidence as same-transaction contextual evidence was within the zone of reasonable disagreement. Accordingly, the trial court did not abuse its discretion in admitting it.

Lastly, Nesloney argues that "the State was required to provide notice of its intent to introduce" evidence of the marijuana possession under Rule 404(b). *See* TEX. R. EVID. 404(b). Rule 404(b) requires the State to "provide reasonable notice before trial that the prosecution intends to introduce [extraneous offense] evidence—other than that arising in the same transaction—in its case-in-chief." *Id.* We have already concluded that evidence of the marijuana possession and T.A.N.'s arrest arose during the same

9

transaction. *See id.* Further, this requirement only exists upon "timely request by a defendant." *Id.* There is no evidence in the record that Nesloney made such a request. *See id.*

Accordingly, we overrule Nesloney's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
TEX. R. APP. P 47.2(b).

Delivered and filed on the
4th day of April, 2024.